**Joseph Erwin THOMPSON, Jr., Relator,**

v.

**The Honorable Paul R. DAVIS, Jr., Judge, Respondent.**

No. 95–0399.

Supreme Court of Texas.

June 29, 1995.

William R. Travis, Gregory Don Sherwood, Austin, for relator.

Sarah K. Brandon, James W. Piper, Austin, for respondent.

PER CURIAM.

Joseph Erwin Thompson, Jr. seeks mandamus relief from a trial court order prohibiting him from conducting discovery with re-

spect to all matters relating to the custody of his child prior to June 1, 1994. We conclude that the trial court abused its discretion by prohibiting discovery on matters related to custody as a sanction for earlier, unrelated discovery abuse, and therefore grant the requested relief.

Tina Marie Thompson and Joseph Erwin Thompson, Jr. were divorced on November 13, 1989. They were named joint managing conservators of their daughter.

In 1993, Tina Thompson sought modification of child support. A discovery dispute arose. On March 16, 1994, the trial court entered an order sanctioning Joseph Thompson, who was proceeding pro se at the time. The order prohibited him from conducting any further discovery, required him to answer all discovery that had been propounded, and ordered him to pay attorney's fees. Later that day in another hearing, Tina Thompson was granted an order increasing the amount of child support, obviating the requirement that Joseph Thompson answer the discovery that had been propounded. In a subsequent hearing, Joseph Thompson was adjudged in contempt for failure to pay the attorney's fees previously ordered. Joseph Thompson finally paid the fees on or about June 1, 1994.

Several months later, Joseph Thompson filed a motion seeking modification of custody. Tina Thompson filed a motion for protective order asking for protection from discovery propounded by Joseph Thompson, who in turn filed a motion to compel discovery. By order dated March 17, 1995, the trial court prohibited Joseph Thompson from pursuing discovery with respect to all matters relating to custody prior to June 1, 1994, the estimated date that Joseph Thompson purged himself of contempt by paying the attorney's fees previously ordered. Joseph Thompson now asks this Court to order the trial court to vacate this order.

■ The choice of discovery sanctions is within the discretion of the trial court; however, any sanction imposed must be just. *TransAmerican Natural Gas Corp. v. Powell*, 811 S.W.2d 913, 917 (Tex.1991); TEX. R.CIV.P. 215(2)(b).

■ We hold that the trial court abused its discretion by prohibiting discovery on custody matters prior to June 1, 1994, because this sanction is not just. "[A] just sanction must be directed against the abuse and toward remedying the prejudice caused the innocent party." *TransAmerican*, 811 S.W.2d at 917. The discovery abuse for which Joseph Thompson was originally sanctioned occurred during the support dispute. It was excessive to extend this sanction to matters regarding custody, which was not at issue in the prior proceeding.

■ Joseph Thompson does not have an adequate remedy by appeal. The trial court's order denied Joseph Thompson discovery regarding the conduct and actions of Tina Thompson with respect to their child for over four and a half of the approximately five years that they shared joint managing conservatorship of their child. This denial of discovery goes to the heart of Joseph Thompson's action seeking modification of custody. *See Walker v. Packer*, 827 S.W.2d 833, 843 (Tex.1992).

Furthermore, remedy by appeal is inadequate because the missing discovery cannot be made part of the appellate record. *See id.* at 843–44. The trial court's order prohibits Joseph Thompson from pursuing *any* form of discovery with respect to *all* matters relating to custody prior to June 1, 1994. Therefore, the information that Joseph Thompson might obtain through discovery cannot be made part of the appellate record. Consequently, a reviewing court will be unable to determine whether the denial of discovery was harmful.

Accordingly, a majority of the Court grants leave to file the petition for writ of mandamus, and without hearing oral argument, conditionally grants mandamus relief. TEX.R.APP.P. 122. The writ will issue only if the trial court fails to vacate its order prohibiting discovery on matters related to custody prior to June 1, 1994.