**In re R.R., Relator.**

No. 05–00–00527–CV.

Court of Appeals of Texas,
Dallas.

Sept. 21, 2000.

Georganna L. Simpson, Law Offices of Georganna L. Simpson, Dallas, Tom Barr, Cohane and Zwerner, L.L.P., Dallas, for Relator.

Betty Rosenfeld, Marshall Rosenfeld, Oth Rosenfeld, Dallas, Sylvia Ann McClellan, Asst. City Atty., Dallas, Thomas Warren Lively, Dallas, Dawn E. Fowler, Raggio & Raggio, Inc., Dallas, Kristal Royce Rivers, Kimberly A. Schaefer, Asst. Dist. Attys., Dallas, Edward Joseph Keating, Texas Dept. of Protective & Regulatory Serv., Arlington, Lynn Cherry, Dallas, for Real Parties in Interest.

Before Chief Justice THOMAS, and Justices JAMES and ROACH.

## OPINION

Opinion By Justice JAMES.

 This Court issued an unpublished opinion in this original proceeding on May 24, 2000. One of the parties, R.R., and a non-party, Michael Reddell, filed a motion to publish the opinion and use initials. The Court **GRANTS**, in part, and **DENIES**, in part, the motion to publish. The Court **GRANTS** R.R.'s request to publish. The Court **DENIES** Reddell's request to publish because, as a non-party, he is not entitled to move to publish the opinion. *See* TEX.R.APP. P. 47.3(c). Additionally, R.R. requests that initials be used to refer to all persons involved in this suit. The parties filed all pleadings using full names of all persons, including minors. In this opinion, the Court elects to use the initials of the minors involved pursuant to family code section 109.002(d), and in the interest of the minors, to use the initials of parties whose identity reveals that of the minors. Accordingly, we **VACATE** the opinion issued May 24, 2000. This is now the opinion of the Court.[1]

W. and J. married in 1986.[2] E.M., W.'s daughter from a previous marriage, lived with W. and J. after their marriage. In 1988, W. and J. had a daughter, R.R. W. and J. divorced in 1998. W. and J. were named joint conservators of R.R. with W. receiving primary possession and J. receiving visitation.

While in Arizona for treatment of an eating disorder in June 1999, E.M. told a

---

1. We vacate only our opinion issued May 24, 2000. The order issued May 24, 2000 remains in effect.

2. Because several parties have the same last name, we will refer to all individuals by first name or initial.

therapist that J. sexually molested her once in 1989. J. was arrested August 14, and indicted August 17, 1999 in Texas on a charge of aggravated sexual assault of a minor. He is awaiting trial on the charge. On August 17, 1999, W. moved to modify J.'s visitation rights with R.R. by requesting termination of all visitation due to his alleged acts with E.M. and the pending criminal proceeding. There are no allegations J. has had any improper contact with R.R. J. states that he has "not been allowed to exercise [his] period of possession with [R.R.]" since June 1999. In October 1999, J. moved to modify W.'s right to possession of R.R. and to have himself appointed sole conservator.

In the modification proceeding, J. sent requests for disclosure to W.W. identified five individuals and herself as persons with relevant knowledge and as experts: (1) Rochelle Middleman, R.R.'s therapist; (2) herself; (3) Kathy Gilbert, Texas Department of Protective and Regulatory Services (DPRS) caseworker; (4) E.D. Fite, Dallas police detective who interviewed R.R.; and (5) Lyn Cherry, W.'s attorney. W. did not identify the subject matter of each expert's testimony or summarize any expert's opinion. J. sent requests for production to W. for all medical, including psychological, and school records of E.M. J. sent interrogatories to W. requesting answers to questions regarding all medical, including psychological, consultations and treatment of E.M. J. sent a deposition notice with request for records to W. requesting production at her deposition of all medical, including psychological, records of E.M. J. subpoenaed: (1) Officer Fite; (2) M.M., E.M.'s father; (3) J. M., E.M.'s stepmother; (4) E.M.; and (5) the custodian of records for the DPRS. W. sent a deposition notice and request for production to J. J. objected asserting his right against self-incrimination and requesting a protective order preventing the deposition and answers to the request for production in their entirety. All, except E.M., filed motions for protective orders on all discovery requests asserting a variety of privileges. J. also filed a motion to compel and for sanctions against W. on his requests for production. W. filed a motion for appointment of an ad litem for E.M.., but there is no order appointing one in the record.

After a hearing, the trial court ruled that no discovery could be had as to any matter involving E.M. because the trial judge found "the law is unclear as to whether discovery may go forward in a civil/family matter as to matters that are currently pending before a criminal court and, if such discovery may go forward what, if any, limitations on said discovery are appropriate." The trial court also found the criminal trial can be completed by July 15, 2000. The trial court ordered "that the protective orders and all discovery to the extent that they relate to E.M. is granted until July 15, 2000, or until such time as the Court receives further guidance from the Court of Appeals." The order identifies seven motions as the ones under consideration. Neither J.'s objection to deposition, motion for protective order and claim of privilege, nor his motion to compel W. to answer discovery are listed. After issuance of the discovery order on March 31, 2000, J. filed this original proceeding contending the trial court's order prevents him from defending the civil suit. We agree and conditionally grant mandamus.

## AVAILABILITY OF REMEDY BY ORIGINAL PROCEEDING

■ The first issue in any original proceeding is whether there is an adequate remedy at law precluding remedy by mandamus. J. asserts remedy by mandamus is available because the trial court's order severely vitiates his ability to present his defense in the modification action and due to the nature of the case he is harmed by any delay. The real parties in interest[3]

3. Although given an opportunity to file a re-

sponse, the DPRS did not file one. W.'s re-

argue that the delay is inconsequential and within the trial court's discretion in managing its docket.

 If a trial court's order limiting discovery effectively vitiates or severely compromises a party's ability to present a claim or defense, remedy by mandamus is available to the injured party. *See Walker v. Packer*, 827 S.W.2d 833, 843 (Tex. 1992) (orig.proceeding); *Thompson v. Davis*, 901 S.W.2d 939, 940 (Tex.1995) (orig.proceeding). In other words, if the discovery goes to the heart of the case there is no adequate remedy at law. *See In re Colonial Pipeline, Co.*, 968 S.W.2d 938, 942 (Tex.1998) (orig.proceeding). Mere inconvenience or increased expense is not adequate. The party must show it has effectively been denied the reasonable opportunity to develop his case so that a trial is a waste of judicial resources. *See Walker*, 827 S.W.2d at 843. The charges brought by E.M. are the basis for the modification. J. cannot defend against the request for modification without reviewing E.M.'s records and deposing the persons investigating the charges. We conclude the trial court's order severely compromises or vitiates J.'s ability to defend against the modification at this time.

The next part of this issue is whether mandamus is a proper remedy for delay, not complete denial, of discovery in this case. The real parties in interest argue that the delay is appropriate in balancing the interests in the criminal case versus the civil. They assert the delay is not harmful and is within the trial court's discretion in controlling its docket. They contend J. can assert any error in granting the delay on appeal. Further, they argue J. is just using the civil case to get evidence in the criminal case.

J. argues the delay is harmful because this matter involves the ending of all contact between a father and his child. He asserts the trial court's delay of discovery

in this action precludes him from being able to prove for several more months that he should have some contact with his daughter. J. contends this delay can only serve to continue the deterioration of any relationship between father and daughter. The ad litem for R.R. argues the delay of discovery prevents her from carrying out her duties on behalf of R.R. so it should be vacated.

The delay until appeal of these matters is more than mere inconvenience or increased expense to the parties. Its impact on the parent-child relationship may be profound. Because the order vitiates J.'s ability to defend and the long term severe impact on the parent-child relationship, we conclude there is no adequate remedy at law and remedy by mandamus is available.

## STANDARD OF REVIEW

 We review a petition for writ of mandamus under a clear abuse of discretion standard. A clear abuse of discretion occurs when the trial court errs in analyzing or applying the law to the facts or the trial court has but one reasonable decision and the trial court does not make that decision. *Walker*, 827 S.W.2d at 840. A trial court's wrong decision in applying or analyzing the law, even in an unsettled area of the law, is an abuse of discretion. *See Huie v. DeShazo*, 922 S.W.2d 920, 927–28 (Tex.1996) (orig.proceeding).

## PARALLEL CRIMINAL PROCEEDINGS

 J. first contends the trial court erred in delaying discovery because the pendency of a criminal matter is not justification for delay of a civil matter. He argues that even when the discovery is from the criminal defendant the courts have held there is no reason for delay, so there certainly is no reason to delay discovery from witnesses in both cases.

sponse does not meet the requirement for filing under the rules of appellate procedure. She was given an opportunity to correct the

deficiencies but did not do so. Consequently, her response has not been considered.

Real parties in interest argue the trial court considered a variety of factors that are causing delay in discovery, including E.M.'s unavailability for deposition and relator's assertion of his fifth amendment rights in deciding to delay all discovery and grant the protective orders. They contend that because criminal cases take precedence on the court's docket over civil cases, the trial court has discretion to delay the civil discovery. Also, they assert allowing J. to depose E.M. will harm her and the State's criminal case. Finally, they contend the trial court considered the best interest of the child and there is no evidence in the record to show why J. has not seen R.R. since June 1999.

A party is "entitled to full, fair discovery within a reasonable period of time...." *In re Colonial Pipeline, Co.,* 968 S.W.2d at 941 (quoting *Able Supply Co. v. Moye,* 898 S.W.2d 766, 773 (Tex. 1995) (orig.proceeding)). It is true that the trial court needs to give consideration to the effect of discovery in a civil case on pending criminal proceedings. *See Texas Attorney General's Office v. Adams,* 793 S.W.2d 771, 776 (Tex.App.-Fort Worth 1990, orig. proceeding). However, the pendency of a criminal matter does not impair a court's proceeding with a contemporaneous civil matter involving the same issues or parties. *See McInnis v. State,* 618 S.W.2d 389, 393 (Tex.App.-Beaumont 1981, writ ref'd n.r.e.). There are special statutes and rules for deciding what specific protection is allowed; a blanket denial of all discovery in a civil case due to a pending criminal case is "not good public policy." *See Adams,* 793 S.W.2d at 777. There is no constitutional prohibition against both cases going forward simultaneously. *See McInnis,* 618 S.W.2d at 393 (defendant sought to delay one case; court ruled defendant has no right to choose which case proceeds first). A party's attempt to develop evidence in a civil case does not lead to any presumption that a party is trying to develop evidence for a contemporaneous criminal case. *See Mey-er v. Tunks,* 360 S.W.2d 518, 522 (Tex. 1962). An individual witness's right to claim protection from discovery to any particular question in the civil case does not stop all proceedings in the civil case involving the witness. *Id.*

We conclude the order in this case is an impermissible blanket stoppage of all discovery in the civil case. J. did not file this civil lawsuit. The order in question stops all discovery related to E.M. The criminal prosecution related to E.M. is the sole ground for the petition for modification. Thus, the order effectively stops all discovery in the civil case. A blanket stoppage of all discovery related to the main issue solely because the trial court is unsure of the law is not permitted. The trial court has an obligation to weigh each discovery request and apply the law for discovery or protection to each request by determining the least restrictive way to protect both cases and the defendant's right to defend himself in this suit. *See Underwood v. Bridewell,* 931 S.W.2d 645, 646 (Tex.App.-Waco 1996, orig. proceeding) (tailor order to protect specific interests and not interfere with right to conduct discovery). The trial court wholly failed to weigh any factor before issuing its order. We conclude the order as it presently stands is a result of a clear abuse of discretion by the trial court and must be vacated.

## OTHER ARGUMENTS

The parties raise other grounds in support of their positions. The trial court's order does not give any ground for the ruling except the court's uncertainty of the law and the pendency of the criminal proceeding. The trial court has not ruled on any other ground asserted in the motions for protective order; therefore, these issues are not ripe for review. Also, any disagreement between W. and the named witnesses as to her authority to list them as experts is not at issue in this original proceeding.

## CONCLUSION

Because we conclude J. has no adequate remedy at law and the order as it presently stands is a clear abuse of discretion, we **CONDITIONALLY GRANT** the writ of mandamus.[4]

---

4. The trial court has complied with the May 24, 2000 order.