# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-010-00479-CV

### In re Hays County Criminal District Attorney's Office and Texas Department of Family and Protective Services

---

### ORIGINAL PROCEEDING FROM HAYS COUNTY

---

### M E M O R A N D U M   O P I N I O N

On August 9, 2010, relators Hays County Criminal District Attorney's Office (the "District Attorney") and the Texas Department of Family and Protective Services (the "Department") (cumulatively "Relators") filed this petition for writ of mandamus. *See* Tex. R. App. P. 52.8.

In the underlying case, the Department sought to be appointed as temporary managing conservators of J.L, who is the daughter of R.L. The District Attorney acted as the Department's representative for this case. *See* Tex. Fam. Code Ann. § 264.009 (West 2008) (specifying who may act as legal representative for Department). Prior to the filing of this mandamus, R.L. was arrested ostensibly for the crime of sexually assaulting J.L.'s sister, S.J. *See* Tex. Penal Code Ann. § 22.011 (West Supp. 2009) (defining sexual assault). R.L. is not the father of S.J.

Shortly after his arrest, R.L. issued a subpoena on the San Marcos Police Department requiring Officer Kathy Machichak[1] to appear during the conservatorship hearing and to produce

---

[1] There are two alternative spellings for the officer's name contained in the record. The subpoena lists the name as Machichak, but the reporter's record lists the name as Misiaszek. For purposes of this opinion, we will use the spelling provided in the subpoena.

investigative documents pertaining to J.L and S.J. During a preliminary hearing, Officer Machichak testified that she had handed over all of her investigative documents to the District Attorney. In response to the subpoena, the District Attorney filed a motion for protective order, asking the district court to "execute a protection order preventing the disclosure of the documents and the release of the information" requested. *See* Tex. R. Civ. P. 192.6(a) (authorizing "person from whom discovery is sought" to file for protective order). In an order continuing "the appointment of the Department as Temporary Managing Conservator" of J.L., the district court also granted the protective order with regard to the documents sought but stated that "the police officer is ordered to appear and testify" during a continuation of the conservatorship hearing.

Shortly after the district court issued its order, Relators filed this mandamus, asserting that the district court did not have "the authority to order the appearance and testimony of a police officer in a civil case when there is a criminal case, based on a similar set of facts, in which there has been an arrest but not an indictment." In challenging the district court's order, Relators argue that the officer should not be compelled to testify because the information sought through her testimony is confidential.

When asserting that the information is confidential, Relators analogize the testimony from Officer Machichak to three types of information requests that have been deemed confidential. First, Relators refer to section 552.108 of the government code, which excepts from disclosure under the public information act information concerning the investigation of a crime if the release would interfere with "the detection, investigation, or prosecution of" a crime. Tex. Gov't Code Ann. § 552.108(a) (West Supp. 2009). Various courts have construed that provision as creating a law-enforcement investigation privilege in civil cases against discovery requests, including requests for

2

investigative documents and interrogatories served on police officers. *See Hobson v. Moore*, 734 S.W.2d 340, 340-41 (Tex. 1987); *In re Westwood Affiliates, L.L.C.*, 263 S.W.3d 176, 179 (Tex. App.—Houston [1st Dist.] 2007, orig. proceeding). In light of this privilege, Relators insist that Officer Machichak should not be compelled to testify because her testimony will address the same investigative information that the court prohibited from disclosure in its protective order and will interfere with the investigation of the alleged assault of S.J.

Next, Relators assert that the officer should not be compelled to testify because the information sought through her testimony is work product and, therefore, not discoverable. *See* Tex. R. Civ. P. 192.5(b)(1) (prohibiting discovery of work product that contain's attorney's "mental impressions, opinions, conclusions, or legal theories"); *see also State ex rel. Curry v. Walker*, 873 S.W.2d 379, 381 (Tex. 1994) (explaining that "work product privilege is applicable to litigation files in criminal as well as civil litigation"). In other words, Relators contend that through Officer Machichak's testimony, R.L. will effectively have access to "the police report, and other mental impressions, especially if the detective needs to refresh her recollection."

Finally, when asserting that the district court erred by requiring Officer Machichak to testify, Relators point to section 261.201 of the family code, which excepts from disclosure by a public information request "files, reports, records, communications, audiotapes, videotapes, and working papers used or developed in an investigation" regarding suspected abuse or neglect of a child. Tex. Fam. Code Ann. § 261.201 (West Supp. 2009).[2] As with their law-enforcement-

---

[2] In their petition, Relators acknowledge that a trial court may order the disclosure of the otherwise confidential information when certain prerequisites have been met, *see* Tex. Fam. Code Ann. § 261.201(b) (West Supp. 2009), but Relators contend that those requirements have not been met in this case.

investigation-privilege arguments, Relators insist that Officer Machichak's testimony will be the equivalent of the release of the investigative reports and should, therefore, be prohibited.

While the Relators quickly point out that the State may possess a legitimate interest in preventing the disclosure of information that could interfere with a criminal prosecution, *see In re Gore*, 251 S.W.3d 696, 700 (Tex. App.—San Antonio 2007, orig. proceeding), they ignore the competing interest in not denying "civil litigants their entitlement to a fully authorized discovery to assist in preparation of the civil lawsuit merely because criminal matters may be pending," *see Texas Attorney General's Office v. Adams*, 793 S.W.2d 771, 777 (Tex. App.—Fort Worth, 1990, no pet.). *See also In re R.R.*, 26 S.W.3d 569, 574 (Tex. App.—Dallas 2000, orig. proceeding) (explaining that denying all discovery in civil case due to pending criminal case is contrary to public policy). Further, unlike the cases relied on by the Relators in which parties file impermissible discovery requests or public information requests, this case involves a situation in which the Relators are seeking to prohibit a police officer from being called as a witness. There is no rule or statute that gives police officers a privilege from being called to testify. *See In re Bexar County Criminal Dist. Attorney's Office*, 224 S.W.3d 182, 193 (Tex. 2007) (orig. proceeding) (Johnson, J., dissenting); *see also* Tex. R. Evid. 501 (stating that except "as otherwise provided by Constitution, by statute," or by rule, "no person has a privilege to: (1) refuse to be a witness"). Moreover, Relators have pointed to no case prohibiting the testimony of law-enforcement personnel in these circumstances.[3]

---

[3] In their reply brief, the Relators cite to *In re Bexar County Criminal Dist. Attorney's Office*, 224 S.W.3d 182, 185 (Tex. 2007) (orig. proceeding), as support for their assertion that the district court erred by ordering Officer Machichak to testify. That case involved a determination of "whether the work-product privilege protects prosecutors from testifying in a malicious prosecution suit when they have already released the prosecution file." We are not confronted with that situation here.

4

Finally, although Relators attempt to equate Officer Machichak's testimony to the investigative information that was prohibited from disclosure under the protective order, the record before us does not allow us to endorse that characterization. Unlike the public information and disclosure requests discussed by the Relators in which the information to be released is expressly identified before disclosure, the full nature and extent of the officer's testimony is not easily ascertainable before the officer actually testifies. *See In re Bexar County Criminal Dist. Attorney's Office*, 224 S.W.3d at 193 (Johnson, J., dissenting) (explaining that witness testimony differs from documents because full knowledge of witness "as to facts and matters relevant to claims made in a lawsuit" cannot be fully determined before he or she testifies). The officer may very well be called to provide impermissible testimony, but the officer may also be called to testify regarding nonprivileged subject matters. And we have not been provided with a basis upon which we can evaluate the officer's future testimony. *Id.* at 199 (noting superiority of allowing preliminary testimony to create some record to aid in determination regarding whether privilege exists). In addition, there are procedural tools that may be employed to limit the testimony of a witness and prohibit disclosure of privileged information.[4] *Id.* at 198 (noting that trial court may enter protective order precluding examination regarding certain matters); *see In re Gore*, 251 S.W.3d 696, 700 (Tex. App.—San Antonio 2007, orig. proceeding) (noting superiority of allowing trial court to weigh and resolve various competing factors by crafting "an individually tailored protective order").

---

[4] In this opinion, we make no assertion regarding whether the Relators should ask for or whether the district court should grant some other type of relief (e.g. prohibiting testimony through additional protective order or through objections to testimony). Rather, we simply conclude that mandamus relief is not warranted in these circumstances.

In light of the fact that mandamus relief is only appropriate when a trial court's decision constitutes a clear abuse of its discretion, *see Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992), and that we can only speculate at this juncture as to the testimony that might ultimately be elicited from the officer, we cannot conclude that the district court erred by compelling Officer Machichak to testify during a hearing. *See In re R.R.*, 26 S.W.3d at 574 (explaining that trial court "has an obligation to weigh each discovery request and apply the law for discovery or protection to each request by determining the least restrictive way to protect both cases and the defendant's right to defend himself in this suit"). Accordingly, we deny the Relator's petition for writ of mandamus.

_____

David Puryear, Justice

Before Chief Justice Jones, Justices Puryear and Pemberton

Filed: October 1, 2010

6