TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-010-00479-CV






In re Hays County Criminal District Attorney's Office and 

Texas Department of Family and Protective Services






ORIGINAL PROCEEDING FROM HAYS COUNTY





M E M O R A N D U M O P I N I O N


 On August 9, 2010, relators Hays County Criminal District Attorney's Office (the
"District Attorney") and the Texas Department of Family and Protective Services (the "Department")
(cumulatively "Relators") filed this petition for writ of mandamus. See Tex. R. App. P. 52.8. 

 In the underlying case, the Department sought to be appointed as temporary managing
conservators of J.L, who is the daughter of R.L. The District Attorney acted as the Department's
representative for this case. See Tex. Fam. Code Ann. § 264.009 (West 2008) (specifying who may
act as legal representative for Department). Prior to the filing of this mandamus, R.L. was arrested
ostensibly for the crime of sexually assaulting J.L.'s sister, S.J. See Tex. Penal Code Ann. § 22.011
(West Supp. 2009) (defining sexual assault). R.L. is not the father of S.J.

 Shortly after his arrest, R.L. issued a subpoena on the San Marcos Police Department
requiring Officer Kathy Machichak (1) to appear during the conservatorship hearing and to produce
investigative documents pertaining to J.L and S.J. During a preliminary hearing, Officer Machichak
testified that she had handed over all of her investigative documents to the District Attorney. In
response to the subpoena, the District Attorney filed a motion for protective order, asking the district
court to "execute a protection order preventing the disclosure of the documents and the release of
the information" requested. See Tex. R. Civ. P. 192.6(a) (authorizing "person from whom discovery
is sought" to file for protective order). In an order continuing "the appointment of the Department
as Temporary Managing Conservator" of J.L., the district court also granted the protective order with
regard to the documents sought but stated that "the police officer is ordered to appear and testify"
during a continuation of the conservatorship hearing. 

 Shortly after the district court issued its order, Relators filed this mandamus, asserting
that the district court did not have "the authority to order the appearance and testimony of a police
officer in a civil case when there is a criminal case, based on a similar set of facts, in which there has
been an arrest but not an indictment." In challenging the district court's order, Relators argue that
the officer should not be compelled to testify because the information sought through her testimony
is confidential. 

 When asserting that the information is confidential, Relators analogize the testimony
from Officer Machichak to three types of information requests that have been deemed confidential. 
First, Relators refer to section 552.108 of the government code, which excepts from disclosure under
the public information act information concerning the investigation of a crime if the release would
interfere with "the detection, investigation, or prosecution of" a crime. Tex. Gov't Code Ann.
§ 552.108(a) (West Supp. 2009). Various courts have construed that provision as creating a law-enforcement investigation privilege in civil cases against discovery requests, including requests for
investigative documents and interrogatories served on police officers. See Hobson v. Moore,
734 S.W.2d 340, 340-41 (Tex. 1987); In re Westwood Affiliates, L.L.C., 263 S.W.3d 176, 179
(Tex. App.--Houston [1st Dist.] 2007, orig. proceeding). In light of this privilege, Relators insist
that Officer Machichak should not be compelled to testify because her testimony will address the
same investigative information that the court prohibited from disclosure in its protective order and
will interfere with the investigation of the alleged assault of S.J. 

 Next, Relators assert that the officer should not be compelled to testify because the
information sought through her testimony is work product and, therefore, not discoverable. See Tex.
R. Civ. P. 192.5(b)(1) (prohibiting discovery of work product that contain's attorney's "mental
impressions, opinions, conclusions, or legal theories"); see also State ex rel. Curry v. Walker,
873 S.W.2d 379, 381 (Tex. 1994) (explaining that "work product privilege is applicable to litigation
files in criminal as well as civil litigation"). In other words, Relators contend that through Officer
Machichak's testimony, R.L. will effectively have access to "the police report, and other mental
impressions, especially if the detective needs to refresh her recollection." 

 Finally, when asserting that the district court erred by requiring Officer Machichak
to testify, Relators point to section 261.201 of the family code, which excepts from disclosure by a
public information request "files, reports, records, communications, audiotapes, videotapes, and
working papers used or developed in an investigation" regarding suspected abuse or neglect of a
child. Tex. Fam. Code Ann. § 261.201 (West Supp. 2009). (2) As with their law-enforcement-investigation-privilege arguments, Relators insist that Officer Machichak's testimony will be the
equivalent of the release of the investigative reports and should, therefore, be prohibited.

 While the Relators quickly point out that the State may possess a legitimate interest
in preventing the disclosure of information that could interfere with a criminal prosecution, see
In re Gore, 251 S.W.3d 696, 700 (Tex. App.--San Antonio 2007, orig. proceeding), they ignore the
competing interest in not denying "civil litigants their entitlement to a fully authorized discovery to
assist in preparation of the civil lawsuit merely because criminal matters may be pending," see Texas
Attorney General's Office v. Adams, 793 S.W.2d 771, 777 (Tex. App.--Fort Worth, 1990, no pet.). 
See also In re R.R., 26 S.W.3d 569, 574 (Tex. App.--Dallas 2000, orig. proceeding) (explaining that
denying all discovery in civil case due to pending criminal case is contrary to public policy). Further,
unlike the cases relied on by the Relators in which parties file impermissible discovery requests or
public information requests, this case involves a situation in which the Relators are seeking to
prohibit a police officer from being called as a witness. There is no rule or statute that gives police
officers a privilege from being called to testify. See In re Bexar County Criminal Dist. Attorney's
Office, 224 S.W.3d 182, 193 (Tex. 2007) (orig. proceeding) (Johnson, J., dissenting); see also Tex.
R. Evid. 501 (stating that except "as otherwise provided by Constitution, by statute," or by rule, "no
person has a privilege to: (1) refuse to be a witness"). Moreover, Relators have pointed to no case
prohibiting the testimony of law-enforcement personnel in these circumstances. (3) 

 Finally, although Relators attempt to equate Officer Machichak's testimony to the
investigative information that was prohibited from disclosure under the protective order, the record
before us does not allow us to endorse that characterization. Unlike the public information and
disclosure requests discussed by the Relators in which the information to be released is expressly
identified before disclosure, the full nature and extent of the officer's testimony is not easily
ascertainable before the officer actually testifies. See In re Bexar County Criminal Dist. Attorney's
Office, 224 S.W.3d at 193 (Johnson, J., dissenting) (explaining that witness testimony differs from
documents because full knowledge of witness "as to facts and matters relevant to claims made in a
lawsuit" cannot be fully determined before he or she testifies). The officer may very well be called
to provide impermissible testimony, but the officer may also be called to testify regarding
nonprivileged subject matters. And we have not been provided with a basis upon which we can
evaluate the officer's future testimony. Id. at 199 (noting superiority of allowing preliminary
testimony to create some record to aid in determination regarding whether privilege exists). In
addition, there are procedural tools that may be employed to limit the testimony of a witness and
prohibit disclosure of privileged information. (4) Id. at 198 (noting that trial court may enter protective
order precluding examination regarding certain matters); see In re Gore, 251 S.W.3d 696, 700 (Tex.
App.--San Antonio 2007, orig. proceeding) (noting superiority of allowing trial court to weigh and
resolve various competing factors by crafting "an individually tailored protective order"). 

 In light of the fact that mandamus relief is only appropriate when a trial court's
decision constitutes a clear abuse of its discretion, see Walker v. Packer, 827 S.W.2d 833, 839-40
(Tex. 1992), and that we can only speculate at this juncture as to the testimony that might ultimately
be elicited from the officer, we cannot conclude that the district court erred by compelling Officer
Machichak to testify during a hearing. See In re R.R., 26 S.W.3d at 574 (explaining that trial court
"has an obligation to weigh each discovery request and apply the law for discovery or protection to
each request by determining the least restrictive way to protect both cases and the defendant's right
to defend himself in this suit"). Accordingly, we deny the Relator's petition for writ of mandamus. 
 


 __________________________________________

 David Puryear, Justice

Before Chief Justice Jones, Justices Puryear and Pemberton

Filed: October 1, 2010
1. There are two alternative spellings for the officer's name contained in the record. The
subpoena lists the name as Machichak, but the reporter's record lists the name as Misiaszek. For
purposes of this opinion, we will use the spelling provided in the subpoena. 
2. In their petition, Relators acknowledge that a trial court may order the disclosure of the
otherwise confidential information when certain prerequisites have been met, see Tex. Fam. Code
Ann. § 261.201(b) (West Supp. 2009), but Relators contend that those requirements have not been
met in this case. 
3. In their reply brief, the Relators cite to In re Bexar County Criminal Dist. Attorney's Office,
224 S.W.3d 182, 185 (Tex. 2007) (orig. proceeding), as support for their assertion that the district
court erred by ordering Officer Machichak to testify. That case involved a determination of "whether
the work-product privilege protects prosecutors from testifying in a malicious prosecution suit when
they have already released the prosecution file." We are not confronted with that situation here. 
4. In this opinion, we make no assertion regarding whether the Relators should ask for or
whether the district court should grant some other type of relief (e.g. prohibiting testimony through
additional protective order or through objections to testimony). Rather, we simply conclude that
mandamus relief is not warranted in these circumstances.