ACCEPTED
03-12-00415-CV
6360489
THIRD COURT OF APPEALS
AUSTIN, TEXAS
8/5/2015 9:46:05 AM
JEFFREY D. KYLE
CLERK

## Case No. 03-12-00415-CV

BRYAN BERGER and LORI BERGER

Appellants

VS.

TONY FLORES, JR.

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
8/5/2015 9:46:05 AM
JEFFREY D. KYLE
Clerk

### Appellants' Motion for Rehearing

Appellants, Bryan Berger and Lori Berger, submit this motion for rehearing in response to the opinion issued by the Court on June 12, 2015, and request the Court consider the following issues:

1

## ISSUES PRESENTED

### A. Motion for Summary Judgment

**<u>Issue No. 1</u>: The Court of Appeals erred in Affirming the Trial Court's Summary Judgment, Finding there was no evidence to support Plaintiffs' claim for damages.**

**<u>Issue No. 2</u>: The Court of Appeals erred in holding that the Defendant's Second Amended Traditional and No-Evidence Motion for Summary Judgment should be considered as a no-evidence motion only.**

**<u>Issue No. 3</u>: The Court of Appeals erred in limiting its opinion to only one issue under the no-evidence standard. Defendant pleaded affirmative defenses and attached supporting evidence to the motion for summary judgment.**

### B. Attorney's Fees

**[The opinion of the Court of Appeals on attorney's fees is somewhat confusing. It is difficult to discern whether the Court treats the counterclaim for attorney's fees as a summary judgment or as a separate independent procedure. Also, there are some mistakes concerning what issues were covered in Appellants' Brief.]**

**Issue No. 4:**  The Court of Appeals erred in holding that the Trial Court did not abuse its discretion by imposing TRCP 13 sanctions or awarding attorney's fees under DTPA §17.50(c).

**Issue No. 5:**  The Court abused its discretion by denying Plaintiffs the right to have a jury determine the amount and reasonableness of attorney's fees, a question of fact.

## ARGUMENT AND AUTHORITIES

### A. Motion for Summary Judgment

**Issue No. 1:** **The Court of Appeals erred in Affirming the Trial Court's Summary Judgment, Finding there was no evidence to support Plaintiffs' claim for damages.**

There is ample evidence in the record to support Plaintiffs' claim for damages. In his affidavit Bryan Berger states they had spent "thousands of dollars" on plans, surveying, out-of-pocket expenses, taxes, and loss of interest on their investment. **[CR 215, ¶18; CR 217, ¶25]** There is more than a scintilla of evidence. There is a question of fact - how much?

The Plaintiffs' claim for damages is also addressed in Plaintiffs' Response to Defendant's Traditional and No-Evidence Motion for Summary Judgment and in Appellants' Brief. **[CR 207, Response ¶27; Appellants' Brief, page 25]**

"The respondent is not required to marshal its proof; its response need only point out evidence that raises a fact issue on the challenged elements. **[Notes & comments, TRCP 166a]**

**Issue No. 2:** **The Court of Appeals erred in holding that the Defendant's Second Amended Traditional and No-Evidence Motion for Summary Judgment should be considered as a no-evidence motion only.**

While it is proper to consider a no-evidence motion first when the movant has filed both traditional and no-evidence motions, in Defendant's motion it is not clear whether his traditional motion should not be considered a no-evidence motion. **[Defendants' Second Amended Traditional and No-Evidence Motion for Summary Judgment, CR 42]** The Defendant has attached evidence in the form of depositions and affidavits to support his motion. The issue of damages is discussed in the deposition of Lori Berger and Bryan Berger. Specific amounts are mentioned, raising issues of fact. **[CR 63, page 32, 57; CR 106, page 50]** A court must presume a motion for summary judgment is a traditional motion unless it clearly appears otherwise. *Michael v. Dyke*, 41 S.W.3rd 746, 751 (Tex. App. - Corpus Christi 2001, no pet.)

If a movant is pursuing a no-evidence motion and attaches evidence to that motion, that evidence should not be disregarded if it raises an issue of fact. *Binur, M.D. v. Jacobo*, 135 S.,W.3rd 646, 651 (Tex. 2004)

**Issue No. 3:** **The Court of Appeals erred in limiting its opinion to only one issue under the no-evidence standard. Defendant pleaded affirmative defenses and attached supporting evidence to the motion for summary judgment.**

Defendant's Second Amended Original Answer **[CR 36]** and Defendant's Third Amended Original Answer and Counterclaim **[CR291]** both allege affirmative defenses relating to Plaintiffs' causes of action, including damages. Defendant had the burden of proof on the affirmative defenses. *Johnson & Johnson Medical, Inc. v.* Sanchez, (924 S.W.2nd 925, 927 (Tex. 1996); *McIntyre v. Ramirez*, 109 S.W.3rd 741, 748 (Tex. 2003) The Court did not address the defenses.

## B. Attorney's Fees

**[The opinion of the Court of Appeals on attorney's fees is somewhat confusing. It is difficult to discern whether the Court treats the counterclaim for attorney's fees as a summary judgment or as a separate independent procedure. Also, there are some mistakes concerning what issues were covered in Appellants' Brief.]**

**<u>Issue No. 4</u>: The Court of Appeals erred in holding that the Trial Court did not abuse its discretion by imposing TRCP 13 sanctions or awarding attorney's fees under DTPA §17.50(c).**

The movant for sanctions under TRCP 13 has the burden of proof to overcome the presumption that pleadings, motions, and other documents have been filed in good faith. ***Thompson v. Davis***, 901 S.W.2d 939, 940 (Tex. 1995) The issue is whether the parties or their representative engaged in bad conduct. Insufficient proof of a claim is not grounds for sanctions. ***Trimble v. Itz***, 898 S.W.2d 370, 374 (Tex. App. - San Antonio 1995, writ denied) Neither is the continuance of a suit after it has been shown baseless. ***Karagounis v. Property Co. of America***, 970 S.W.2d 761, 765 (Tex. App. - Amarillo 1998, pet. denied)

The Trial Court and the Court of Appeals abused their discretion in awarding attorney's fees under TRCP 13 or DTPA §17.50(c) based solely upon legal arguments, differences of opinions, or the merits of Plaintiffs' case.

**Issue No. 5:  The Court abused its discretion by denying Plaintiffs the right to have a jury determine the amount and reasonableness of attorney's fees, a question of fact.**

The Trial Court abused its discretion by determining the amount and reasonableness of attorney's fees without a jury.  The amount and reasonableness of attorney's fees are fact issues for a jury to decide.  ***Morgan v. Ebby Halliday Real Estate, Inc.***, 873 S.W.2d 385, 390 (Tex. App. - Ft. Wo      rth 1993, no writ)

All pleadings filed by the Plaintiffs and the Defendant request trial by jury.  On May 26, 2010, Plaintiffs specifically asked for a jury for the hearing on Defendant's counterclaim.  Instead the Court proceeded with the hearing on the attorney's fees.  **[CR 274, Volume 2 record filed August 14, 2012]**  Plaintiffs' attorney and Defendant's attorney testified on the subject of reasonableness at the hearing creating issues of fact.  **[RR 67-68]**

The Court abused its discretion by failing to submit the issues of amount and reasonableness of attorney's fees to a jury.

8

## Prayer

For the reasons stated above in this motion, Appellants request the Court to grant this motion for rehearing, withdraw its opinion, reverse the trial court's judgment in all matters contained therein, and remand this case for a new trial.

Respectfully submitted:

/s/Jerry R. Tucker, Sr._____
Attorney for Appellants
State Bar No. 20273000
P. O. Box 1507
Blanco, Texas78606
(830) 237-6590
email:  jrtuckersr@hotmail.com

## Certificate on Number of Words

I certify that the above motion for rehearing contains a total of 1,2q34 words/

/s/Jerry R. Tucker, Sr.

Certificate of Service

I certify that a true and correct copy of Appellants' Motion for Rehearing has been served on Appellee's attorney of record by certified mail, return receipt requested, on August 3, 2015, as follows:

Evelyn Martinez Huron
Attorney
6800 Park Ten Blvd, Suite 236E
San Antonio, Texas 78213

/s/Jerry R. Tucker, Sr.