# NO. 12-15-00216-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *THOMAS LYTLE AND ELLEN LYTLE,* | § | *ORIGINAL PROCEEDING* |
| *RELATORS* | § | |

## *MEMORANDUM OPINION*

In this original mandamus proceeding, Thomas and Ellen Lytle challenge the trial court's August 21, 2015 order granting David Petruska's motion to stay all proceedings in the underlying lawsuit. The respondent is the Honorable Teresa Drum, Judge of the 294th Judicial District Court, Van Zandt County, Texas. Sandra Petruska, Compass Bank, Helmuth K. Gutzke, and Zackiann Gutzke are additional real parties in interest. We conditionally grant the writ.

## BACKGROUND

Thomas and Ellen Lytle filed a suit to quiet title to certain real property against David and Sandra Petruska, Compass Bank, and Helmuth and Zackiann Gutzke (the defendants). The Lytles seek damages for the fraudulent conveyance of an easement on their property that was executed between the Gutzkes and the Petruskas and filed by Compass Bank.[1] In their First Amended Petition, the Lytles also aver that David asserted his right to the disputed easement by coming onto their property and "threatening Plaintiff Thomas Lytle with an assault rifle[.]"

On August 4, 2015, David filed a motion to stay all proceedings in the case, arguing that the Lytles' First Amended Petition injected state law claims that mirrored an indictment in which Thomas Lytle is the alleged victim.

After conducting a hearing, the trial court granted David's motion, staying the entire proceeding for six months or until the criminal proceeding is complete. The order states that if

---

[1] The Gutzkes are the previous owners of the property. Compass Bank has a lien on the property, and Sandra Petruska is David Petruska's wife.

the criminal proceeding is not resolved within the six month stay, David Petruska "has the right to again move this Court for an additional stay[.]"  The Lytles then filed this original proceeding.

## PREREQUISITES TO MANDAMUS

Mandamus issues only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no adequate remedy by appeal.  ***In re Prudential Ins. Co. of Am.***, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding); ***Walker v. Packer***, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding).  A trial court has no discretion in determining what the law is or in applying the law to the facts, and a clear failure to analyze or apply the law correctly constitutes an abuse of discretion.  ***Id,*** at 840.

A trial court's decision to grant a motion to stay is discretionary.  *See **In re State Farm Mut. Auto. Ins. Co.***, 192 S.W.3d 897, 903 (Tex. App.—Tyler 2006, orig. proceeding); *see also **In re R.R.***, 26 S.W.3d 569, 574 (Tex. App.—Dallas 2000, orig. proceeding) (trial court abused discretion by permitting blanket denial of all discovery in civil case).  Here, the trial court's order precludes every party in the trial court from going forward in any phase of the proceeding.

Because the cause of action is suspended, potentially indefinitely because the order grants David the right to file a subsequent motion to stay, there is no adequate remedy by appeal, and mandamus is proper if the trial court abused its discretion.  *See **In re Immobiliere Jeuness Establissement***, 422 S.W.3d 909, 914 (Tex. App.—Houston [14th Dist.] 2014, orig. proceeding) ("An adequate remedy by appeal does not exist when the plaintiff is "effectively denied any other method of challenging the court's action for an indefinite period of time during which the cause of action remains in a suspended state.'") (citations omitted).

## ASSERTING THE FIFTH AMENDMENT PRIVILEGE

The Lytles contend that the trial court abused its discretion in granting David's motion to stay the proceedings because it deprived them of their right to open courts and the motion was made without any legal or factual justification.  David contends that it would be an abuse of discretion to force him to answer civil discovery and forego his constitutional right against self-incrimination while the option to stay the civil proceedings is available.

2

**Applicable Law**

"All courts shall be open, and every person for an injury done him, in his lands, goods, person or reputation, shall have remedy by due course of law." TEX. CONST. art. 1, § 13. This provision of the Texas Constitution ensures that citizens bringing common law causes of action will not unreasonably be denied access to the courts. *See In re D.M.*, 191 S.W.3d 381, 391 (Tex. App.—Austin 2006, pet. denied). Parties in a civil case are entitled to full discovery within a reasonable time, to develop their claims and defenses, and to have the case tried. *In re Gore*, 251 S.W.3d 696, 699 (Tex. App.—San Antonio 2007, orig. proceeding). The pendency of a criminal case does not impair a court's proceeding with a contemporaneous civil case involving the same issues or parties; nor does it justify abating or staying all discovery in the civil case until the criminal case is resolved. *See id.*; *In re R.R.*, 26 S.W.3d at 574.

The Fifth Amendment privilege can be asserted in civil and criminal trials "wherever the answer might tend to subject to criminal responsibility him who gives it." *Texas Dep't of Pub. Safety Officers Ass'n v. Denton*, 897 S.W.2d 757, 760 (Tex. 1995). The privilege is asserted on a question by question basis, and it is the trial court's duty to consider the evidence and argument on each individual question to determine whether the privilege against self-incrimination applies. *See In re Edge Capital Group, Inc.*, 161 S.W.3d 764, 768 (Tex. App.—Beaumont 2005, orig. proceeding); *Burton v. West*, 749 S.W.2d 505, 508 (Tex. App.—Houston [1st Dist.] 1988, orig. proceeding). The trial court should also consider "whether the privilege is being asserted in a bona fide fear of self-incrimination or merely to avoid discovery or create delay." *Denton*, 897 S.W.2d at 763. In civil cases, blanket assertions of the privilege are not permitted. *See Gebhardt v. Gallardo*, 891 S.W.2d 327, 330 (Tex. App.—San Antonio 1995, orig. proceeding).

**Discussion**

In its order staying the proceedings, the trial court made the following findings:

[T]o continue these proceedings in this case would create an impermissible jeopardy to the Defendant and would have the potential to cause the Defendant to be forced to either forego his constitutional right against self-incrimination or be forced to waive his constitutional right and suffer the consequences, if any, of such waiver.

. . . .

[I]t is inappropriate in the instant case to force the Defendant to choose between the assertion of or a waiver of his constitutional rights at this stage of this litigation.

In his motion to stay, however, David does not identify any questions to which he raised an objection. Nor does he identify in his motion, at the hearing, or in his response to the Lytles'

3

petition, any questions propounded to him which called for an answer that could subject him to criminal liability. Consequently, it appears from the record before us that David filed his motion to stay all of the proceedings before having questions propounded to him.

David's motion constitutes an improper "blanket assertion" of his Fifth Amendment privilege against self-incrimination. *See id.* His assertion also is improper because there is no indication in the record that he was asked any questions. *See, e.g.*, **United States v. Malnik**, 489 F.2d 682, 685 (5th Cir. 1974) (stating that to sustain Fifth Amendment objection in absence of specific questions is unacceptable). Because no questions were asked of him, David was not at risk of incriminating himself, unless he made an admission of his own volition. In his affidavit attached to his response to the Lytles' motion for summary judgment, David made such an admission as follows:

> In paragraph 21 of Plaintiff's Motion for Summary Judgment on Liability (filed October 29, 2014), the Lytles wrote, "The Petruskas have taken actions to assert their rights to the easement including coming on to Plaintiffs' property and threatening Plaintiff, Thomas Lytle, with an assault rifle." This is false. I never came on to the Lytles' property with an assault rifle. On February 15, 2014, I had an unloaded assault rifle on my gator and was driving on my own property. I had my rifle because Thomas Lytle had threatened to shoot me and three other workers, while we were working on a fence on our property. I never threatened Thomas Ly[t]le with my rifle. Also, my driving with the rifle in my gator has no connection to the disputed easement. Again, my wife and I drove on the driveway located on the Lytles' property between May 2008 and February 2014 without complaint from the Lytles.

According to David, the "most important factor" to be considered in determining whether a civil proceeding should be stayed is the degree of overlap between the civil and criminal law issues.[2] In his motion to stay, David asserts that "the subject matter of the civil suit and the criminal indictment is *virtually identical*[.]"[3] This argument directly contradicts David's statement in his affidavit that "my driving with the rifle in my gator has no connection to the

---

[2] The indictment alleges that on or about February 15, 2014, David Petruska

did then and there intentionally or knowingly threaten TOM LYTLE with imminent bodily injury by POINTING A FIREARM AT HIM AND THREATENING TO KILL HIM, and did and there use or exhibit a deadly weapon, to wit: A FIREARM, during the commission of the said assault and said FIREARM in the manner and means of use could have caused serious bodily injury or death to TOM LYTLE[.]

[3] David makes the same statement in his response to the Lytles mandamus petition, but omits the word "virtually."

4

disputed easement."[4]  These contradictory statements, when viewed in light of the fact that there were no questions propounded to David, support our conclusion that his assertion of the Fifth Amendment privilege was not made due to a bona fide fear of self-incrimination, but rather, to avoid discovery or create delay.  *See* *Denton*, 897 S.W.2d at 763.

## Conclusion

One cannot invoke the right to refrain from giving an incriminating answer in a civil case when a question has not been propounded of him.  *See, e.g.*, *Malnik*, 489 F.2d at 685.  Absent any questions, and absent specific invocations of the right against self-incrimination, the trial court abused its discretion in granting David's motion to stay all of the proceedings.[5]  *See* *In re R.R.*, 26 S.W.3d at 574 (witness's right to claim protection from discovery does not stop all proceedings in civil case involving witness); *Gebhardt*, 891 S.W.2d at 330.  Moreover, the trial court's decision to stay the proceedings amounted to a blanket denial of all discovery, which is also an abuse of discretion.  *See* *In re R.R.*, 26 S.W.3d at 574 (trial court has obligation to weigh each discovery request and determine least restrictive way to protect both cases).

## DISPOSITION

Because the trial court abused its discretion in granting David's motion to stay all of the proceedings, mandamus is proper.  *See* *Immobiliere*, 422 S.W.3d at 914.  Accordingly, we ***conditionally grant*** the Lytles' petition for writ of mandamus and direct the trial court to vacate its April 17, 2015 order staying all proceedings in the underlying lawsuit.  We trust that the trial court will promptly comply with this opinion and order.  The writ will issue only if the trial court fails to do so ***within ten days after the date of the opinion and order***.  The trial court shall furnish this court, within the time for compliance with this court's opinion and order, a certified copy of its order evidencing compliance.

---

[4] According to the record, the Lytles have another civil action filed against David in a Dallas County Court at Law, in which the cause of action relates to the alleged assault that is the subject of the indictment.  In that case, the Lytles agreed to stay the proceeding.  The status of the Dallas County case does not affect our disposition here.

[5] We decline to address David's "special circumstances" argument because it is an application of federal law and involves a balancing test that requires overlap between the civil and criminal issues.  In his affidavit, David states there is "no connection" between the criminal case and the Lytles' easement.  Therefore, we need not determine whether the special circumstances test used in the federal courts applies.  *See* TEX. R. APP. P. 47.1 ("The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal.").

**BRIAN HOYLE**
Justice

Opinion delivered December 16, 2015.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

### DECEMBER 16, 2015

### NO. 12-15-00216-CV

### IN RE: THOMAS LYTLE AND ELLEN LYTLE,
Relators

### ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by Thomas Lytle and Ellen Lytle, who are the relators in Cause No. 14-00172, pending on the docket of the 294th Judicial District Court of Van Zandt County, Texas. Said petition for writ of mandamus having been filed herein on September 3, 2015, and the same having been duly considered, because it is the opinion of this Court that the writ of mandamus is meritorious, it is therefore CONSIDERED, ADJUDGED and ORDERED that said petition for writ of mandamus be, and the same is, hereby **CONDITIONALLY GRANTED** and the trial court is directed, ***within ten (10) days after the date of this opinion and order***, to vacate its April 17, 2015 order staying all proceedings in the underlying lawsuit.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*