**In re Kevin GORE.**

No. 04–07–00597–CV.

Court of Appeals of Texas,
San Antonio.

Dec. 12, 2007.

Markes E. Kirkwood, Law Offices of Markes E. Kirkwood, San Antonio, TX, for Appellant.

Troy L. Meinke, Assistant Criminal District Attorney, San Antonio, TX, for Appellee.

Sitting: KAREN ANGELINI, Justice, PHYLIS J. SPEEDLIN, Justice, STEVEN C. HILBIG, Justice.

## OPINION

Opinion by STEVEN C. HILBIG, Justice.

Kevin Gore seeks a writ of mandamus to compel the trial court to (1) vacate its

order abating a civil forfeiture action until several criminal prosecutions are completed and (2) order the State to provide discovery. We hold the trial court abused its discretion by abating the case and therefore conditionally grant the requested writ in part.

### FACTUAL AND PROCEDURAL BACKGROUND

In March 2006, the State of Texas filed a civil action against Gore pursuant to Chapter 59 of the Texas Code of Criminal Procedure seeking forfeiture of personal property the State seized as contraband. The civil case apparently arises from events that led to Gore's arrest and subsequent indictment for felony drug offenses. The State served Gore with various discovery requests together with the original petition. Gore responded to the discovery in May 2006 and also served requests for written discovery and notices of deposition upon the State. On June 8, 2006, the State filed a motion seeking abatement of the civil forfeiture lawsuit until the resolution of related criminal charges. The Honorable Joe Frazier Brown, Jr., ordered the State to respond to all outstanding requests for written discovery, but otherwise ordered the forfeiture action abated until December 31, 2006. The abatement order provided that Gore could file a motion to compel discovery after December 31, 2006; Gore could depose two deputy sheriffs and a representative of the State and could file a motion for summary judgment after January 1, 2007; and the case was set for trial on the February 12, 2007 jury docket. Pursuant to Judge Brown's order, the State filed its disclosures and responses to Gore's discovery requests on June 20, 2006. The State objected to two requests for production, one as irrelevant and the other as calling for work product. The State did not interpose any other any objections or claims of privilege. All of the State's unverified answers to interrogatories and most of its disclosures and responses to requests for production consisted of advising Gore to see the attached file.

In January 2007, Gore served the State with his notices of intent to depose two deputy sheriffs and a designated representative of the sheriff's department, and attempted to confer with the State about purported inadequacies in the State's responses to discovery. The State responded by filing a motion to continue the abatement. The motion was heard January 29, 2007, by the Honorable Karen Pozza, who continued the abatement until May 7, 2007. Judge Pozza also ruled that Gore could file and pursue a motion challenging the adequacy of the State's disclosures and responses to discovery. Gore then filed a motion to compel and for sanctions. The motion was heard by the Honorable David A. Berchelmann, Jr., who denied it without prejudice to Gore reurging the motion after the abatement was lifted.

The abatement ordered by Judge Pozza expired May 7, 2007, and Gore set his motion to compel and for sanctions for a hearing on May 8. During the hearing, again before Judge Berchelmann, the State orally moved to continue the abatement. At the conclusion of the hearing, the trial court denied Gore's motion to compel without reaching the merits of the motion and ordered the case "abated in its entirety until the criminal case is resolved." Gore seeks relief from this last order, requesting this court to order Judge Berchelmann to "lift his abatement," allow Gore to conduct depositions, and order the State to "properly answer discovery" propounded by Gore.

### PREREQUISITES FOR MANDAMUS RELIEF

 A writ of mandamus will issue only to correct a clear abuse of discretion for which the relator lacks an adequate remedy by appeal. *See Walker v. Packer,*

827 S.W.2d 833, 839–40 (Tex.1992). A "trial court abuses its discretion when it acts in an unreasonable or arbitrary manner or, stated differently, when it acts without reference to guiding rules and principles." *In re Colonial Pipeline Co.*, 968 S.W.2d 938, 941 (Tex.1998). "With respect to resolution of factual issues," "[t]he relator must establish that the trial court could reasonably have reached only one decision." *Walker*, 827 S.W.2d at 840. However, "[a] trial court has no 'discretion' in determining what the law is or applying the law to the facts. Thus, a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion, and may result in appellate reversal by extraordinary writ." *Id.*

## ABATEMENT

■■■ We have repeatedly held that a trial court abuses its discretion when it arbitrarily abates a civil case for an indefinite period of time. *See In re Sims*, 88 S.W.3d 297, 306 (Tex.App.-San Antonio 2002, orig. proceeding); *Gebhardt v. Gallardo*, 891 S.W.2d 327, 330–32 (Tex.App.-San Antonio 1995, orig. proceeding); *In re Messervey Trust*, No. 04–00–00700–CV, 2001 WL 55642, at *4 (Tex.App.-San Antonio, Jan.24, 2001, orig. proceeding) (not designated for publication). Nevertheless, the State argued in the trial court that because there were pending criminal proceedings, it was "absolutely entitled to a full abatement on everything." Gore disagrees, arguing a writ of mandamus should issue because there is no legal basis for abating the case and the trial court's indefinite abatement violates the open courts provision in article I, section 13 of the Texas Constitution.

■■■ The parties in the civil case are entitled to full discovery within a reasonable time, to develop their claims and defenses, and to have the case tried. *See Colonial Pipeline*, 968 S.W.2d at 941–42

(holding that order abating discovery from all but small group of plaintiffs until that group's claims were resolved unreasonably interfered with defendants' ability to prepare a defense and was abuse of discretion); *In re R.R.*, 26 S.W.3d 569, 574 (Tex.App.-Dallas 2000, orig. proceeding) (holding blanket order staying discovery on main issue because of related criminal proceeding was abuse of discretion because it vitiated defendant's ability to prepare defense in civil case); *Trapnell v. Hunter*, 785 S.W.2d 426, 429 (Tex.App.-Corpus Christi 1990, orig. proceeding) (holding that refusal to proceed to trial by arbitrarily abating case violates article I section 13 of the Texas Constitution). "The pendency of a criminal investigation, indictment, or other proceeding does not affect a contemporaneous civil proceeding based on the same facts or parties" and does not justify abating or staying all discovery in the civil case until resolution of the criminal matter. *Gebhardt*, 891 S.W.2d at 330; *see Underwood v. Bridewell*, 931 S.W.2d 645, 647–48 (Tex.App.-Waco 1996, orig. proceeding) (abuse of discretion to abate civil forfeiture action until criminal prosecution completed); *McInnis v. State*, 618 S.W.2d 389, 392–93 (Tex.Civ.App.-Beaumont 1981, writ ref'd n.r.e.) (upholding trial court's refusal to continue civil disbarment case until final disposition of related criminal case), *cert. denied*, 456 U.S. 976, 102 S.Ct. 2242, 72 L.Ed.2d 851 (1982); *Messervey*, 2001 WL 55642 at *4 (abuse of discretion to completely abate civil case for six months solely because related criminal case is pending).

■■■ A forfeiture proceeding is a civil case that "shall proceed to trial in the same manner as in other civil cases." TEX. CODE CRIM. PROC. ANN. art. 59.05(b) (Vernon 2006). Accordingly, absent authority to the contrary, Gore has the same right as any other civil litigant to obtain full discov-

ery within a reasonable time, develop his defenses, and proceed to trial. *See Underwood,* 931 S.W.2d at 646–47; *see also McInnis,* 618 S.W.2d at 393 ("We find no constitutional or statutory provisions granting this appellant the right to choose the case, either criminal or civil, which he desires to first proceed to trial."). In its response to the petition for a writ of mandamus, the State asserts it is entitled to abatement of the civil case "as a matter of statute." However, the State cites only to § 552.108 of the Government Code, which on its face only creates an exemption from disclosure for certain law enforcement and prosecutorial records under the Public Information Act. *See* TEX. GOV'T CODE ANN. § 552.108 (Vernon Supp.2007). While courts have concluded this section creates a "law enforcement investigation" privilege,[2] the State has not pointed to a single case nor has our research disclosed any authority for treating such language as mandating abatement upon request of the State.

The State argues the trial court acted within its discretion and did not run afoul of our holding in *Gebhardt* because the abatement will end when the criminal case is resolved and therefore is not "indefinite." The order at issue in *Gebhardt* abated the case until the latter of the running of the statute of limitations for any crime relevant to the civil pleadings or the final disposition of any criminal charges that might be brought. 891 S.W.2d at 329. We held that given the evidence before the court, it was impossible to determine when the abatement would end and thus indefinitely denied plaintiff the ability to develop her case and a forum to try her case *Id.* at 331–33. Likewise, there is nothing in this record that enables us to determine when the abatement will end. Moreover, whether the trial court's order exceeded its discre-

tion does not turn solely on whether the abatement is "indefinite." In *Messervey* we considered an order that abated a civil case for a period of six months or until the criminal case was concluded, whichever occurred earlier. 2001 WL 55642, at *2. Recognizing that the abatement was not indefinite, we nevertheless conditionally granted a writ of mandamus to vacate the abatement order because by completely curtailing prosecution of the entire case, it was impermissibly overbroad. *Id.,* at *4.

█ The State also argues this case is distinguishable from those cited above because it has provided Gore "extensive" discovery and any further discovery would interfere with confidentiality in law enforcement activities. The State provided disclosures and responses to Gore's written discovery requests in June 2006. However, Gore has contended for more than a year and a half that the responses are inadequate and he has been unable to obtain a hearing to test their adequacy. He has also been denied his right to depose the State's primary witnesses.

█ We recognize the State may have a legitimate interest in seeking some protection from civil discovery because disclosure could interfere with a criminal prosecution based on the same facts. *See Texas Attorney General's Office v. Adams,* 793 S.W.2d 771, 776 (Tex.App.-Fort Worth, 1990, no pet.). But it is "not good public policy to deny civil litigants their entitlement to a fully authorized discovery to assist in preparation of the civil lawsuit merely because criminal matters may be pending." *Id.* at 777. Rather, the proper remedy is an individually tailored protective order. *See Underwood,* 931 S.W.2d at 647; *Messervey* 2001 WL 55642, at *4. The State, just as other civil litigants, must timely plead and prove its entitlement to

---

**2.** *See Hobson v. Moore,* 734 S.W.2d 340, 340– 41 (Tex.1987).

protection from discovery. *See* Tex.R. Civ. P. 192.6, 193.2, 193.3, 193.4. Failure to do so can result in waiver of any objection or claimed privilege. *See Hobson,* 734 S.W.2d at 340–41; *Scrivner v. Casseb,* 754 S.W.2d 354, 358 (Tex.App.–San Antonio 1988, no pet.). When properly raised, "the trial court has an obligation to weigh each discovery request and apply the law for discovery or protection to each request by determining the least restrictive way to protect both cases and the defendant's right to defend himself in this suit." *In re R.R.,* 26 S.W.3d at 574. The record does not disclose that the State timely pled and proved a "law enforcement investigation" privilege from discovery.

We conclude the trial court abused its discretion in abating the case until the criminal proceedings are resolved. Because the order halts all proceedings in the case, denies Gore his right to full discovery, and severely compromises his ability to develop his defenses, Gore has no adequate remedy by appeal. *See Colonial Pipeline,* 968 S.W.2d at 942; *Messervey,* 2001 WL 55642, at *3. Moreover, by arbitrarily and indefinitely suspending the proceedings, the trial court denied Gore any effective method of challenging the trial court's ruling for an indefinite period. *Sims,* 88 S.W.3d at 306; *Gebhardt,* 891 S.W.2d at 332–33. Accordingly, Gore has no adequate remedy by appeal and is entitled to mandamus relief.

### MOTION TO COMPEL

Gore also complains the trial court abused its discretion in denying his motion to compel discovery. However, a fair reading of the record reveals that the trial court did not address the merits of the motion, but denied it solely because it granted the State's motion to abate. Accordingly, the issue is not ripe and we decline to address it. The trial court has a ministerial duty to act upon motions properly filed and pending before it. *In re*

*Ramirez,* 994 S.W.2d 682, 683 (Tex.App.-San Antonio 1998, orig. proceeding). We have confidence the trial court will consider and rule on the merits of the motion to compel within a reasonable period of time after the abatement order is vacated.

### CONCLUSION

We conditionally grant Gore's petition for a writ of mandamus regarding the trial court's abatement of the forfeiture suit. The writ of mandamus will issue if the trial court fails to vacate the abatement order within twenty days of the date of this court's order.