IN THE

TENTH COURT OF APPEALS

 




 
 
 
 
 
 
 


 

 



No. 10-08-00254-CV

 

In re
Moak & Moak, P.C.

and Sam
A. Moak

 

 



Original Proceeding

 

 



MEMORANDUM  Opinion



 

Moak and Moak P.C., and Sam A. Moak (Moak), seek a
writ of mandamus compelling Respondent, the Honorable H.R. Towslee, to set
aside a protective order preventing the discovery of evidence as to J. Paxton
Adams and Lacie R. Reynolds, the real parties in interest, until the conclusion
of a criminal case and/or proceedings against Adams and Reynolds.  We deny the
requested relief.

            After Moak terminated Adams and
Reynolds, Adams filed a suit against Moak asserting breach of contract and
slander.  Moak then filed a counterclaim against Adams and Reynolds for breach
of contract, theft/conversion, breach of fiduciary duty, and negligence.  After
the lawsuit was filed, Reynolds was indicted for theft and a criminal
investigation began to determine Adams’s involvement, if any.  Both Adams and
Reynolds agreed to have their depositions taken in the civil matter involving
Moak, but later filed a plea in abatement and sought a protective order to
delay their depositions until the criminal charges against Reynolds were
resolved.  The trial court granted the motions primarily so that Adams and
Reynolds would not be forced to assert their 5th Amendment privilege during the
depositions.  In its order, the trial court denied all discovery requests as to
Adams and Reynolds except for Moak’s requests for production of documents.

            Moak argues that the trial court’s
ruling essentially allows Adams and Reynolds to make a blanket assertion of
their 5th Amendment privilege, which is not permitted by Texas law.  In re
Verbois, 10 S.W.3d 825, 828 (Tex. App.—Waco 2000, orig. proceeding) (a
witness in a civil lawsuit is not the ultimate judge of the propriety of his
assertion of the 5th Amendment privilege); Gephardt v. Gallardo, 891
S.W.2d 327, 330 (Tex. App.—San Antonio 1995, orig. proceeding).

Trial courts have broad discretion under Texas
Rules of Civil Procedure 192.4 and 192.6 to control the discovery process.  Tex. R. Civ. P. 192.4, 192.6.  In this
case, the trial court was confronted with balancing the needs and rights of the
various parties.  The trial court considered the relevant facts and principles
of law and entered an order that allows the parties to go forward with
discovery while protecting the rights of Adams and Reynolds during the pendency
of the criminal trial.  In Gore, the court stated that although it is
"not good public policy to deny civil litigants their entitlement to fully
authorized discovery to assist in preparation of the civil lawsuit merely
because criminal matters may be pending…the proper remedy is an individually
tailored protective order.”  In re Gore, 251 S.W.3d 696, 700 (Tex. App.—San Antonio 2007, orig. proceeding).

Because the trial court did not order a blanket
prohibition of all discovery, and it attempted to create a narrowly tailored
protective order, we cannot say that it clearly abused its discretion.  Id. at 700; see also Walker v. Packer, 827 S.W.2d 833, 839-40 (Tex. 1992).  We find that the trial court did not abuse its discretion
and deny the petition.

 

BILL VANCE

Justice

 

 

Before Chief Justice
Gray,

            Justice
Vance, and

            Justice Reyna

(Chief Justice Gray concurs in the judgment.  A
separate opinion will not issue.  He notes, however, that as he stated when the
Court requested a response, whether and for how long to abate a civil
proceeding while a criminal proceeding is pending involves matters uniquely
suited to the discretion of the trial court.  There was nothing in this
petition to indicate that the trial court had abated the proceeding for such a
period of time as to have acted contrary to law.)  

Petition denied

Opinion delivered and
filed October 29, 2008

[OT06]








 






rmal style='text-align:justify'>Before
Chief Justice Gray,

Justice Vance, and

Justice Reyna

Affirmed

Opinion
delivered and filed August 3, 2005

Do
not publish

[CR25]









    [1]       Williams
prays for an acquittal.