

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-08-00254-CV

## IN RE MOAK & MOAK, P.C.
## AND SAM A. MOAK

_____

## Original Proceeding

_____

## MEMORANDUM OPINION

_____

Moak and Moak P.C., and Sam A. Moak (Moak), seek a writ of mandamus compelling Respondent, the Honorable H.R. Towslee, to set aside a protective order preventing the discovery of evidence as to J. Paxton Adams and Lacie R. Reynolds, the real parties in interest, until the conclusion of a criminal case and/or proceedings against Adams and Reynolds. We deny the requested relief.

After Moak terminated Adams and Reynolds, Adams filed a suit against Moak asserting breach of contract and slander. Moak then filed a counterclaim against Adams and Reynolds for breach of contract, theft/conversion, breach of fiduciary duty, and negligence. After the lawsuit was filed, Reynolds was indicted for theft and a

criminal investigation began to determine Adams's involvement, if any. Both Adams and Reynolds agreed to have their depositions taken in the civil matter involving Moak, but later filed a plea in abatement and sought a protective order to delay their depositions until the criminal charges against Reynolds were resolved. The trial court granted the motions primarily so that Adams and Reynolds would not be forced to assert their 5th Amendment privilege during the depositions. In its order, the trial court denied all discovery requests as to Adams and Reynolds except for Moak's requests for production of documents.

Moak argues that the trial court's ruling essentially allows Adams and Reynolds to make a blanket assertion of their 5th Amendment privilege, which is not permitted by Texas law. *In re Verbois*, 10 S.W.3d 825, 828 (Tex. App.—Waco 2000, orig. proceeding) (a witness in a civil lawsuit is not the ultimate judge of the propriety of his assertion of the 5th Amendment privilege); *Gephardt v. Gallardo*, 891 S.W.2d 327, 330 (Tex. App.—San Antonio 1995, orig. proceeding).

Trial courts have broad discretion under Texas Rules of Civil Procedure 192.4 and 192.6 to control the discovery process. TEX. R. CIV. P. 192.4, 192.6. In this case, the trial court was confronted with balancing the needs and rights of the various parties. The trial court considered the relevant facts and principles of law and entered an order that allows the parties to go forward with discovery while protecting the rights of Adams and Reynolds during the pendency of the criminal trial. In *Gore*, the court stated that although it is "not good public policy to deny civil litigants their entitlement to fully authorized discovery to assist in preparation of the civil lawsuit merely because

criminal matters may be pending…the proper remedy is an individually tailored protective order." *In re Gore*, 251 S.W.3d 696, 700 (Tex. App.—San Antonio 2007, orig. proceeding).

Because the trial court did not order a blanket prohibition of all discovery, and it attempted to create a narrowly tailored protective order, we cannot say that it clearly abused its discretion. *Id.* at 700; *see also Walker v. Packer,* 827 S.W.2d 833, 839-40 (Tex. 1992). We find that the trial court did not abuse its discretion and deny the petition.


BILL VANCE
Justice


Before Chief Justice Gray,
     Justice Vance, and
     Justice Reyna
     (Chief Justice Gray concurs in the judgment. A separate opinion will not issue. He notes, however, that as he stated when the Court requested a response, whether and for how long to abate a civil proceeding while a criminal proceeding is pending involves matters uniquely suited to the discretion of the trial court. There was nothing in this petition to indicate that the trial court had abated the proceeding for such a period of time as to have acted contrary to law.)
Petition denied
Opinion delivered and filed October 29, 2008
[OT06]