

NUMBER 13-08-00662-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG

IN RE UNAUTHORIZED PRACTICE OF LAW COMMITTEE

On Petition for Writ of Mandamus.

MEMORANDUM OPINION

Before Chief Justice Valdez and Justices Rodriguez and Vela
Memorandum Opinion Per Curiam[1]

Relator, the Unauthorized Practice of Law Committee, filed a petition for writ of mandamus and motion for stay in the above cause on November 19, 2008. On November 20, 2008, the Court denied the motion for stay and requested that the real party in interest file a response to the petition for writ of mandamus. Such response has been duly filed.

Relator seeks a writ of mandamus to compel Respondent, the Honorable Nanette Hassette, to set aside an order signed on October 9, 2008, staying the underlying proceeding for a period of sixty days. Relator contends that the trial court abused its

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

discretion in staying the underlying proceeding, including discovery, based on pending criminal proceedings against one of the defendants therein.

As a general rule, the pendency of a criminal investigation, indictment, or other proceeding does not affect a contemporaneous civil proceeding based on the same facts or parties, and does not justify abating or staying all discovery in a civil case until resolution of the criminal matter. *See Gebhardt v. Gallardo*, 891 S.W.2d 327, 330 (Tex. App.–San Antonio 1995, orig. proceeding). Rather, in such a case, the proper remedy is an individually tailored protective order. *See, e.g., In re Gore*, 251 S.W.3d 696, 700 (Tex. App.–San Antonio 2007, orig. proceeding).

Nevertheless, the Court, having examined and fully considered the petition for writ of mandamus and the response thereto, is of the opinion that relator has not shown itself entitled to the relief sought given the trial court's "wide discretion" in managing its docket, *see Clanton v. Clark*, 639 S.W.2d 929, 931 (Tex. 1982),[2] the short duration of the stay imposed herein, *see generally* TEX. CIV. P. 192.4, 192.6, and the fact that two-thirds of the sixty-day period of stay had already elapsed before relator instituted this original proceeding. Accordingly, the petition for writ of mandamus is DENIED. *See* TEX. R. APP. P. 52.8(a).

PER CURIAM

Memorandum Opinion delivered and
filed this the 4th day of December, 2008.

---

[2] In the instant case, the trial court granted a "stay" rather than an "abatement." Courts and litigants often use these terms interchangeably. While abatement, in a proper case, is a matter of right, a motion to stay is directed to the discretion of the court and the granting or denying of such a motion will only be reviewed for an abuse of discretion. *See Williamson v. Tucker*, 615 S.W.2d 881, 886 (Tex. Civ. App.–Dallas 1981, writ ref'd n.r.e.); *Evans v. Evans*, 186 S.W.2d 277 v. Evans, 186 S.W.2d 277 (Tex. Civ. App.–San Antonio 1945, no writ). The distinction is not otherwise significant to the analysis herein.