ACCEPTED
06-14-00085-CV
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
3/3/2015 9:03:24 AM
DEBBIE AUTREY
CLERK

**ORAL ARGUMENT WAIVED**

CAUSE NO. 06-14-00085-CV

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS

3/3/2015 9:03:24 AM

DEBBIE AUTREY
Clerk

IN THE

COURT OF APPEALS

SIXTH APPELLATE DISTRICT OF TEXAS AT TEXARKANA

_____

$990.00 IN U.S. CURRENCY, GARMIN NUVI GPS, GARMIN LARGE SCREEN GPS, AND KD ANDROID COMPUTER TABLET, Appellant

V.

THE STATE OF TEXAS, Appellee

_____

ON APPEAL FROM THE 6TH JUDICIAL DISTRICT COURT
LAMAR COUNTY, TEXAS
TRIAL COURT NO. 83660; HONORABLE WILLIAM H. HARRIS

_____

# APPELLEE'S (STATE'S) BRIEF

_____

Respectfully submitted,

Gary D. Young, County and District Attorney
Lamar County and District Attorney's Office
Lamar County Courthouse
119 North Main
Paris, Texas   75460
(903) 737-2470
(903) 737-2455 (fax)
**ATTORNEYS FOR THE STATE OF TEXAS**

## IDENTITY OF PARTIES AND COUNSEL

Pursuant to Tex. R. App. P. 38.2(a)(1)(A), the list of parties and counsel is not required to supplement or correct the appellant's list.

# TABLE OF CONTENTS

**PAGE NO.:**

IDENTITY OF PARTIES AND COUNSEL . . . . . . . . . . . .      i

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . .      ii

INDEX OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . .      iv

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . .      vi

STATEMENT REGARDING ORAL ARGUMENT . . . . .      vii

ISSUES PRESENTED IN REPLY . . . . . . . . . . . . . . . . . .      viii

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . .      1

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . .      2

SUMMARY OF THE ARGUMENT . . . . . . . . . . . . . . . . .      7

ARGUMENT AND AUTHORITIES

     **GLOBAL RESPONSE PRESENTED IN REPLY: AS
     A *PRO SE* LITIGANT, THE APPELLANT,
     DAUGHERTY, SHOULD BE HELD TO
     THE SAME STANDARD AS A LICENSED
     ATTORNEY.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . .      8

     **ISSUE PRESENTED IN REPLY NO. 1: THE TRIAL
     COURT DID NOT ABUSE ITS DISCRETION IN
     DENYING THE APPELLANT'S MOTION
     FOR CONTINUANCE.** . . . . . . . . . . . . . . . . . . . . . .      9

**ISSUE PRESENTED IN REPLY NO. 2:  THE TRIAL COURT DID NOT ABUSE ITS DISCRETION IN NOT APPOINTING COUNSEL, AS REQUESTED BY THE APPELLANT, DAUGHERTY.** . . . . . . .  15

PRAYER . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  17

CERTIFICATE OF COMPLIANCE . . . . . . . . . . . . . . . . . .  18

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . .  19

APPENDIX . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  20

*$800 in U.S. Currency v. The State of Texas*, No. 06-05-00068-CV, 2005 Tex. App. LEXIS 9730 (Tex. App.--Texarkana November 22, 2005, no pet.) (not designated for publication).

# INDEX OF AUTHORITIES

**CASES:**                                              **PAGE:**

*$567.00 in United States Currency v. State*, 282 S.W.3d 244, 246, 247 (Tex. App.--Beaumont 2009, no pet.) (citing Tex. Code Crim. Proc. Ann. art. 59.05(b) (Vernon 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15,16,17

*$800 in U.S. Currency v. The State of Texas*, No. 06-05-00068-CV, 2005 Tex. App. LEXIS 9730 *8 (Tex. App.--Texarkana November 22, 2005, no pet.) (not designated for publication) (MORRISS, C.J.) . . . . . . 16,17,21

*Carillo v. State*, 98 S.W.3d 789, 794 (Tex. App.--Amarillo 2003, pet. ref'd) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Foster v. Williams*, 74 S.W.3d 200, 202 (Tex. App.-- Texarkana 2002, pet. denied) . . . . . . . . . . . . . . . . . . 9

*Gebhardt v. Gallardo*, 891 S.W.2d 327, 330 (Tex. App.--San Antonio 1995, orig. proceeding) . . . . . . . . . . . . . . . . 12

*In re Estate of Taylor*, 305 S.W.3d 829, 836, 837 (Tex. App.-- Texarkana 2010, no pet.) (Moseley, J.). . . . . . . . . . . . 8,9,13

*In re Gore*, 251 S.W.3d 696, 699 (Tex. App.--San Antonio 2007, orig. proceeding) . . . . . . . . . . . . . . . . . . . . . . . 12

*In the Interest of R.A.L.*, 291 S.W.3d 438, 447-48 (Tex. App. --Texarkana 2009, no pet.) (Moseley, J.) (Lamar County) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*McInnis v. State*, 618 S.W.2d 389, 392, 393 (Tex. App.--Beaumont 1981, writ ref'd n.r.e.), *cert. denied*, 456 U.S. 976, 102 S. Ct. 2242, 72 L. Ed. 2d 851 (1982) . . . . . . . . . . 12,13,14

*Myrick v. State*, 412 S.W.3d 60, 66 (Tex. App.--Texarkana
2013, no pet.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    17

*Sandoval v. Rattikin*, 395 S.W.2d 889, 893-94 (Tex. Civ.
App.--Corpus Christi 1965, writ ref'd n.r.e.) . . . . . . .    16

*Villegas v. Carter*, 711 S.W.2d 624, 626 (Tex. 1986)  . . . . .    9

**STATUTES:**                                                         **PAGE:**

TEX. CODE CRIM. PROC. ANN. ART. 59.05(b) (VERNON
2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    13,15

TEX. R. APP. P. 38.1 . . . . . . . . . . . . . . . . . . . . . . . . . . .    8-9

TEX. R. APP. P. 38.1 (i) . . . . . . . . . . . . . . . . . . . .. . . . . . .    14

TEX. R. APP. P. 38.2 . . . . . . . . . . . . . . . . . . . . . . . . . . .

TEX. R. APP. P. 38.2(a)(1)(A) . . . . . . . . . . . . . . . . . . . . . . .    i

## STATEMENT OF THE CASE

This is a civil appeal from the trial court's final judgment under Chapter 59 of the Code of Criminal Procedure. *See* CR, pgs. 51-52.

After a forfeiture hearing, the trial court signed its final judgment on September 24, 2014. *See* CR, pgs. 51-52. Robert "Bob" Daugherty (Daugherty) timely filed his notice of appeal. *See* CR, pgs. 54-55.

By this *pro se* appeal, Daugherty raised two (2) issues/points of error.

# STATEMENT REGARDING ORAL ARGUMENT

The State will waive oral argument. *See* Tex. R. App. P. 38.2.

## ISSUES PRESENTED IN REPLY

**GLOBAL RESPONSE PRESENTED IN REPLY:** AS A *PRO SE* LITIGANT, THE APPELLANT, DAUGHERTY, SHOULD BE HELD TO THE SAME STANDARD AS A LICENSED ATTORNEY.

**ISSUE PRESENTED IN REPLY NO. 1:** THE TRIAL COURT DID NOT ABUSE ITS DISCRETION IN DENYING THE APPELLANT'S MOTION FOR CONTINUANCE.

**ISSUE PRESENTED IN REPLY NO. 2:** THE TRIAL COURT DID NOT ABUSE ITS DISCRETION IN NOT APPOINTING COUNSEL, AS REQUESTED BY THE APPELLANT, DAUGHERTY.

CAUSE NO. 06-14-00085-CV

IN THE

COURT OF APPEALS

SIXTH APPELLATE DISTRICT OF TEXAS AT TEXARKANA
_____

$990.00 IN U.S. CURRENCY, GARMIN NUVI GPS, GARMIN LARGE SCREEN
GPS, AND KD ANDROID COMPUTER TABLET, Appellant

V.

THE STATE OF TEXAS, Appellee
_____

ON APPEAL FROM THE 6TH JUDICIAL DISTRICT COURT
LAMAR COUNTY, TEXAS
TRIAL COURT NO. 83660; HONORABLE WILLIAM H. HARRIS
_____

# APPELLEE'S (STATE'S) BRIEF
_____

TO THE HONORABLE SIXTH COURT OF APPEALS AT
TEXARKANA:

COMES NOW, the State of Texas, by and through the elected County

and District Attorney of Lamar County, Gary D. Young, and the Lamar

County and District Attorney's Office, respectfully submits its Appellee's

(State's) Brief under Rule 38.2 of the Texas Rules of Appellate Procedure.

Unless otherwise indicated, Robert "Bob" Daugherty will be referred

to as "the appellant" or "Daugherty" and the State of Texas as "the State."

**STATEMENT OF FACTS**

In 2004, Tommy Moore, a detective in the narcotics unit of the Paris Police Department, (Detective Moore) got information on Daugherty living on Hampton Road in a trial house and cooking methamphetamine. *See* RR, pgs. 10-11. Through an investigation, the police ran a search warrant on the trailer house and found a very large methamphetamine lab. *See* RR, pg. 12.

Subsequently, Daugherty was prosecuted in federal court and sentence to about 115 months in 2005. *See* RR, pg. 12. Previously, Daugherty had been to federal prison for distributing methamphetamine. *See* RR, pg. 12.

In the early part of 2014 (RR, pg. 12), the name of Daugherty started coming up again as a supplier of methamphetamine in the Paris, Lamar County area. *See* RR, pg. 13. In June of 2014, Detective Moore had "gotten information" that Daugherty was in town, and he went to a friend's residence (Mark Callaway) and saw Daugherty's vehicle, a 2008 silver Mazda.[1] *See* RR, pg. 14. Detective Moore had information from some users and dealers of methamphetamine that Daugherty used this Mazda to make deliveries. *See* RR, pg. 15.

Detective Moore conducted surveillance on Callaway's house and

---

[1] *See* 06-14-00084-CV.

waited until Daugherty left.  *See* RR, pg. 15.  Detective Moore made sure that Daugherty was driving the 2008 Mazda.  *See* RR, pg. 15.  Detective Moore notified other detectives in the area, and Detective Foreman "got probable cause to make a traffic stop."  *See* RR, pg. 15.

According to Detective Moore, there was some paraphernalia and things found in the vehicle, and methamphetamine was found on Daugherty's person.  *See* RR, pg. 15.  The police arrested Daugherty and he was taken to the police department.  *See* RR, pg. 15.  Later, Detective Foreman and Detective Moore searched him more thoroughly and found methamphetamine in his crotch area.  *See* RR, pg. 17.

The 2008 Mazda was towed to the police department for inventory because "there were a lot of items in the vehicle."  *See* RR, pgs. 15-16.  Detective Moore found other paraphernalia in the car, including empty baggies.  *See* RR, pg. 17.  Detective Moore also found "over four grams" of methamphetamine.  *See* RR, pg. 17.  There was $1,500.00 in Daugherty's wallet and the other $108.00 in his short's pocket for a total of $1,608.00.[2]

Subsequently, the State indicted Daugherty for "over four grams" of methamphetamine.  *See* RR, pgs. 17-18.  At some point, Daugherty wanted to talk, and he told Detective Moore that "[h]e's unemployed [and] [b]een

_____

[2] *See* 06-14-00084-CV.

out of prison for two and a half years[] [and] He's been selling meth for a year and a half." *See* RR, pg. 18. Daugherty also told Detective Moore that the money found on him was the result of selling drugs. *See* RR, pg. 18.

After bonding out (RR, pgs. 19, 21), Detective Moore got word that Daugherty was in town again and selling in Paris, Texas. *See* RR, pg. 22. Detective Moore started conducting surveillance to figure out what vehicle he was using because the police already had the Mazda. *See* RR, pg. 23. Detective Moore figured out that it was a "TrailBlazer" that was subsequently seized from a co-defendant, Sharon Hollowell Boyd (Boyd), who also went to federal prison with Daugherty in 2005. *See* RR, pg. 23.

Detective Moore saw Mark Callaway coming in and out of a motel room at the "Americas Best Value Inn" (a former "Best Western"). *See* RR, pgs. 23-24. Detective Moore saw Daugherty walk out and get in the TrailBlazer. *See* RR, pg. 23. "They go to Wal-Mart." *See* RR, pg. 23. For some reason, Mark Callaway walks back to the motel. *See* RR, pgs. 23-24.

Detective Moore continued to watch Daugherty, who drove over to the car wash beside "Chicken Express" on Lamar. *See* RR, pg. 24. The car wash was a common meeting place for drug dealing. *See* RR, pg. 24. After about ten minutes, Daugherty was not washing his car. *See* RR, pg. 24.

Instead, Detective Moore saw "a drug deal go down" (RR, pg. 24) involving a "hand-to-hand transaction" between Daugherty and David Edwards (Edwards), a known "meth user and meth dealer." *See* RR, pg. 25. Daugherty sold a "quarter ounce" to Edwards. *See* RR, pg. 27. Daugherty later confessed to selling to Edwards. *See* RR, pg. 29.

Detectives Foreman and Amos made contact with Edwards and got the methamphetamine. *See* RR, pg. 25. Detective Moore went back to the motel to deal with Daugherty. *See* RR, pgs. 25-26. Detective Moore left to prepare a search warrant for the motel room. *See* RR, pg. 26. Detective Moore got the signed search warrant and executed the warrant (RR, pg. 26) on July 15, 2014. *See* CR, pg. 6 (affidavit of seizing officer). *See also* CR, pg. 8.

When they made entry, Daugherty was sitting by the front door and Boyd was coming out of the bathroom. *See* RR, pg. 26. To the left of the door, Detective Moore found on a desk ten bags containing methamphetamine, two sets of digital scales, $990.00 in U.S. Currency, a cutting agent, numerous empty baggies, and a baggie containing blue latex gloves. *See* RR, pg. 26. The money "was laying on the table with the bagged methamphetamine and digital scales." *See* RR, pg. 26.

Detective Moore also found "the two GPSs and the Android" in a duffel bag in the room over on the far wall." *See* RR, pg. 26. "They were brand new." *See* RR, pg. 26. According to Detective Moore, "they were gained with illegal proceeds from methamphetamine dealing." *See* RR, pg. 27.

**Forfeiture Proceedings.**

On July 23, 2014, the State filed its original notice of seizure and intended forfeiture. *See* CR, pgs. 3-11. The District Clerk of Lamar County prepared a citation and Daugherty was served with process in the Lamar County jail. *See* CR, pgs. 12-13. After service, Daugherty filed a *pro se* answer. *See* CR, pgs. 14-17.

On September 24, 2014, the trial court proceeded with a forfeiture hearing in the cause number underlying this appeal and in cause number 83560 (which underlies cause number 06-14-00084-CV). *See* RR, pg. 4. The State called Moore as its only witness; and following that testimony, both sides rested and closed. *See* RR, pg. 32.

The trial court then found that the $990.00 in U.S. Currency, the two Garmin GPSs and the KD Android tablet were contraband, as defined by the Code of Criminal Procedure. *See* RR, pg. 32. Also, the trial court found

that the $1,608.00 in U.S. Currency and the 2008 Mazda were contraband. *See* RR, pg. 33. The trial court ordered all contraband forfeited to the State of Texas. *See* RR, pgs. 32-33.

On September 24th, the trial court signed its final judgment. *See* CR, pgs. 51-52. On or about October 10, 2014, Daugherty filed his notice of appeal. *See* CR, pgs. 54-55.

**Proceedings in this Court.**

On October 15, 2014, Daugherty filed his notice of appeal in this Court. On or about October 16, 2014, the District Clerk of Lamar County filed the Clerk's Record. On or about November 24, 2014, the official court reporter filed the Reporter's Record.

On or about January 7, 2015, Daugherty filed his brief. On or about February 6, 2015, the State filed its motion for extension of time to file its brief, which this Court granted until March 9, 2015. The State will be filing its brief before the March 9th deadline.

## SUMMARY OF THE ARGUMENT

By this appeal, Daugherty raised two (2) issues/points of error that should be overruled for the following reasons: (1) the trial court did not abuse its discretion in overruling the appellant's, Daugherty's, motion for

continuance because (a) it was ineffective due to the fact that the motion was filed on the day of trial and/or (b) the pendency of the criminal cases did not affect the contemporaneous civil proceedings.

(2)  The trial court did not abuse its discretion in denying the appellant's request for a court-appointed attorney because Chapter 59 of the Texas Code of Criminal Procedure did not provide for appointment of counsel to represent an indigent person in a forfeiture proceeding.

## ARGUMENT AND AUTHORITIES

### GLOBAL RESPONSE PRESENTED IN REPLY:  AS A *PRO SE* LITIGANT, THE APPELLANT, DAUGHERTY, SHOULD BE HELD TO THE SAME STANDARD AS A LICENSED ATTORNEY.

In his brief entitled "Consideration of the Court," Daugherty also asked this Court to "take into consideration his lack of knowledge in the legal system and his inability to use the law library at his place of incarceration[,] Lamar County Jail."  *See* Appellant's Brief, pg. 5 of 6. However, the law is well established that *pro se* litigants are held to the same standards as licensed attorneys and must comply with all applicable rules of procedure.  *See In re Estate of Taylor*, 305 S.W.3d 829, 837 (Tex. App.--Texarkana 2010, no pet.) (Moseley, J.).  All applicable rules of procedure include Rule 38.1(i) of the Texas Rules of Appellate Procedure.  *See* Tex. R.

App. P. 38.1(i).

A *pro se* litigant is required to properly present its case on appeal, just as it is required to properly present its case to the trial court. *See Taylor*, 305 S.W.3d at 837. If this were not the rule, *pro se* litigants would benefit from an unfair advantage over those parties who are represented by counsel. *See id*. Therefore, this Court should not make allowances simply because a *pro se* litigant was not an attorney. *See id* (citing *Foster v. Williams*, 74 S.W.3d 200, 202 (Tex. App.--Texarkana 2002, pet. denied)). "An appellate court has no duty to perform an independent review of the record and of the applicable law to determine whether there was error." *See Taylor*, 305 S.W.3d at 837.

As articulated above, any "consideration of the court," as requested by Daugherty, should be denied. The appellant's, Daugherty's, two (2) issues/points of error should also be denied, as explained below.

**ISSUE PRESENTED IN REPLY NO. 1:** **THE TRIAL COURT DID NOT ABUSE ITS DISCRETION IN DENYING THE APPELLANT'S MOTION FOR CONTINUANCE.**

A. **Standard of Review: Abuse of Discretion.**

This Court reviews a ruling on a motion for continuance for abuse of discretion. *See Villegas v. Carter*, 711 S.W.2d 624, 626 (Tex. 1986). The

trial court's action will not be disturbed unless the record discloses a clear abuse of discretion.  *See id*.

B.      **Here, the Trial Court Did Not Abuse its Discretion.**

In applying the applicable standard of review to the facts and circumstances in the present case, Daugherty represented to the trial court that he prepared a motion for continuance:

> THE COURT:  All right.  Do you have -- did you prepare a motion for continuance?
>
> THE RESPONDENT:  Yes, sir.
>
> THE COURT:  Jason or -- or Chris, would you mind getting that for me, please?
>
> THE RESPONDENT:  There's one for each case, and a motion to release of property.  Some property needs to be released.
>
> THE COURT:  Thank you, sir.  All right.  I've got before me in Cause Number 83660 and 83560 motions for continuance filed by the Respondent.  They were just presented to the Court just this moment.[3]  The -- the grounds seem to be that -- that the Respondent is asking me to wait until the criminal cases are resolved.  Is that correct, sir?
>
> THE RESPONDENT:  Yes, sir.

*See* RR, pg. 5.

---

[3] The motion for continuance in cause number 83660 did not appear in the Clerk's Record.

### 1. **The Trial Court Did Not Abuse its Discretion Because the Motion for Continuance Was Filed on the Day of Trial.**

From the exchange above, the trial court could have determined that the appellant's motion for continuance was ineffective because it was filed on the day of trial. *See In the Interest of R.A.L.*, 291 S.W.3d 438, 447-48 (Tex. App.--Texarkana 2009, no pet.) (Moseley, J.) (Lamar County). In *R.A.L.*, a civil case involving termination of parental rights, the appellant complained that he was not able to prepare a defense because the trial court denied his motion for continuance, which was filed on the day of trial. *See id.* at 447. On appeal, this Court reasoned that the ineffectiveness of the motion for continuance was further compounded by the fact that it was filed on the day of trial. *See id.* at 448. Based on the circumstances in *R.A.L.*, this Court could not say that the trial court abused its discretion in denying the motion for continuance. *See id.*

As was the case in *R.A.L.*, which involved a motion for continuance that was filed on the day of trial, this Court should not say that the trial court abused its discretion in denying the motion for continuance. *See id.* The appellant's, Daugherty's, motion for continuance was ineffective because it was filed on the day of trial. *See R.A.L.*, 291 S.W.3d at 448. For that reason, the appellant's, Daugherty's, first issue/point of error should be overruled.

-11-

## 2. **The Pendency of the Criminal Cases Did Not Affect a Contemporaneous Civil Proceedings.**

Even on the merits of the motion, the trial court did not abuse its discretion because the pendency of a criminal investigation, indictment, or other proceeding does not affect a contemporaneous civil proceeding based on the same facts or parties. *See*, *e.g.*, *In re Gore*, 251 S.W.3d 696, 699 (Tex. App.--San Antonio 2007, orig. proceeding); *Gebhardt v. Gallardo*, 891 S.W.2d 327, 330 (Tex. App.--San Antonio 1995, orig. proceeding); *McInnis v. State*, 618 S.W.2d 389, 393 (Tex. App.--Beaumont 1981, writ ref'd n.r.e.), *cert. denied*, 456 U.S. 976, 102 S. Ct. 2242, 72 L. Ed. 2d 851 (1982). In *McInnis*, a civil case involving disbarment proceedings, the appellant argued that the trial court erred in overruling his motion for continuance. *See McInnis*, 618 S.W.2d at 392. In *McInnis*, the appellant argued that he was entitled to a continuance of the disbarment proceeding until a final disposition of the criminal case because the pending criminal case against him involved some of the same accusations (i.e., perjury, as is made in this proceeding). *See id.* However, the court of appeals disagreed.

In *McInnis*, the court of appeals held that even though an indictment might be pending against an attorney, a suit for his disbarment, on the same grounds and for the same offense, may be brought and prosecuted to

-12-

judgment. *See id.* at 393. "If the disbarment trial was continued until all criminal charges against this attorney were resolved, this disbarment suit may well be delayed for several months or years." *See id.* In *McInnis*, the court of appeals found "no constitutional or statutory provisions granting this appellant the right to choose the case, either criminal or civil, which he desires to first proceed to trial." *See id.* In *McInnis*, the appellant's disbarment proceeding was a separate and distinct matter and completely independent of any other proceedings which were pending." *See id.* In *McInnis*, the court of appeals held that there was no showing by appellant that the trial court abused its discretion in overruling the motion for continuance. *See id.*

As in *McInnis*, a civil case, the same rationale should apply equally to the civil forfeiture case here. *See* Tex. Code Crim. Proc. Ann. art. 59.05(b) (Vernon 2006) ("All cases under this chapter shall proceed to trial in the same manner as in other civil cases."). Here, as in *McInnis*, there was no showing by appellant, Daugherty, that the trial court abused its discretion in overruling the motion for continuance. *See* RR, pg. 6; *McInnis*, 618 S.W.2d at 393.

Further, "no constitutional or statutory provisions grant[] this

appellant the right to choose the case, either criminal or civil, which he desires to first proceed to trial." *See McInnis*, 618 S.W.3d at 393. In his brief, Daugherty did not cite any contrary authority to *McInnis* or any other authority. *See* Tex. R. App. P. 38.1(i). Rule 38.1(i) of the Texas Rules of Appellate Procedure stated that the appellant's brief "must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." *See id*. "This requirement is not satisfied by merely uttering brief, conclusory statements unsupported by legal citations." *See Taylor*, 305 S.W.3d at 836. "Failure to cite legal authority or to provide substantive analysis of the legal issues presented results in waiver of the complaint." *See id*. In the present case, Daugherty has failed to meet this requirement. *See id*.

Even if Daugherty had met this requirement, the result in *McInnis* should equally occur here. *See McInnis*, 618 S.W.2d at 393. As in *McInnis*, the trial court did not abuse its discretion in ruling that "the law does not require a final criminal disposition before we can proceed with the civil cases, so I'm going to go ahead and go forward with the civil cases today." *See* RR, pg. 6. Because the trial court did not abuse its discretion in overruling the appellant's motion for continuance, Daugherty's first

issue/point of error should be overruled.

**ISSUE PRESENTED IN REPLY NO. 2:** THE TRIAL COURT DID NOT ABUSE ITS DISCRETION IN NOT APPOINTING COUNSEL, AS REQUESTED BY THE APPELLANT, DAUGHERTY.

A. **Introduction.**

With his second issue/point of error, the appellant, Daugherty faulted the trial court for not appointing an attorney. *See* Appellant's Brief, pg. 4 of 7. In the trial court below, the appellant, Daugherty, stated in open court, "I would like a court-appointed attorney, if I could." *See* RR, pg. 7. The trial judge responded, "you're not entitled to court-appointed counsel in these civil actions, so I will deny that request." *See* RR, pg. 7.

B. **Chapter 59 Did Not Provide for Appointment of Counsel.**

Again, forfeitures filed under Chapter 59 of the Texas Code of Criminal Procedure are civil cases that proceed in the same manner as other civil cases. *See $567.00 in United States Currency v. State*, 282 S.W.3d 244, 246 (Tex. App.--Beaumont 2009, no pet.) (citing Tex. Code Crim. Proc. Ann. art. 59.05(b) (Vernon 2006)). In *$567.00*, a forfeiture case, the court of appeals specifically held that "Chapter 59 does not provide for appointment of counsel to represent an indigent person in a forfeiture proceeding." *See $567.00*, 282 S.W.3d at 246. In *$567.00*, the court of appeals reasoned that

-15-

a district judge may appoint counsel for an indigent civil litigant, but the appellant did not establish that the public and private interests at stake in his case were so exceptional that the administration of justice would be best served by appointing a lawyer to represent him. *See id*. at 246-47. Thus, the court of appeals concluded that the trial court's refusal of the appellant's request for court-appointed counsel was not an abuse of discretion. *See id*. at 247.

Similarly, this Court held in an unpublished opinion that "[w]hile a trial court may occasionally appoint counsel to represent an indigent party, a civil litigant has no constitutional right to a free lawyer." *See $800 in U.S. Currency v. The State of Texas*, No. 06-05-00068-CV, 2005 Tex. App. LEXIS 9730, at * 8 (Tex. App.--Texarkana November 22, 2005, no pet.) (not designated for publication) (Morriss, C.J.) (citing *Sandoval v. Rattikin*, 395 S.W.2d 889, 893-94 (Tex. Civ. App.--Corpus Christi 1965, writ ref'd n.r.e.)). In *$800.00*, this Court also held that "there is no statutory right to appointed counsel during a forfeiture proceeding." *See $800 in U.S. Currency*, 2005 Tex. App. LEXIS 9730, at * 8. *See* Appendix.

Although this unpublished opinion above has no precedential value, this Court may take guidance from it "as an aid in developing reasoning that

may be employed." *See Myrick v. State*, 412 S.W.3d 60, 66 (Tex. App.--Texarkana 2013, no pet.) (citing *Carillo v. State*, 98 S.W.3d 789, 794 (Tex. App.--Amarillo 2003, pet. ref'd)). In employing the reasoning above, including the unpublished opinion, this Court should hold that Chapter 59 of the Texas Code of Criminal Procedure did not provide for the appointment of counsel, if any, to represent Daugherty in the underlying forfeiture proceedings. *See $567.00*, 282 S.W.3d at 246; *$800 in U.S. Currency*, 2005 Tex. App. LEXIS 9730, at * 8. Accordingly, the appellant's, Daugherty's, second issue/point of error should be overruled.

## **PRAYER**

WHEREFORE PREMISES CONSIDERED, the State of Texas prays that upon final submission without oral argument, this Court affirm the trial court's final judgment of forfeiture, adjudge court costs against the appellant, and for such other and further relief, both at law and in equity, to

which it may be justly and legally entitled.

Respectfully submitted,

Gary D. Young
Lamar County & District Attorney
Lamar County Courthouse
119 North Main
Paris, Texas   75460
(903) 737-2470
(903) 737-2455 (fax)

By:_____
Gary D. Young, County Attorney
SBN# 00785298

**ATTORNEYS FOR STATE OF TEXAS**

**CERTIFICATE OF COMPLIANCE**

Pursuant to Rule 9.4(i)(3) of the Texas Rules of Appellate Procedure,

the "Appellee's (State's) Brief" was a computer-generated document and

contained 4408 words--not including the Appendix, if any.  The undersigned

attorney certified that he relied on the word count of the computer program,

which was used to prepare this document.

_____
GARY D. YOUNG
gyoung@co.lamar.tx.us

-18-

**CERTIFICATE OF SERVICE**

This is to certify that in accordance with Tex. R. App. P. 9.5, a true copy of the "Appellee's (State's) Brief" has been served on the 3rd day of March, 2015 upon the following:

Robert Daugherty
c/o Lamar County jail
125 Brown Avenue
Paris, TX   75460

_____
GARY D. YOUNG

# APPENDIX