

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-23-00303-CV

———————————————

IN RE CHAD ANTHONY DUPUIS, RELATOR

On Appeal from the 367th District Court
Denton County, Texas
Trial Court No. 20-6349-367

Before Kerr, Bassel, and Walker, JJ.
Memorandum Opinion by Justice Kerr

## MEMORANDUM OPINION

## I. Introduction

Relator C.A.D. and Real Party in Interest A.A.D. (RPI) divorced in 2020, and their agreed final divorce decree provided, among other things, that a party seeking to modify or terminate the decree's terms—including the terms pertaining to conservatorship, possession of, and access to their two minor children and spousal maintenance—had to pay $10,000 in attorney's fees to the nonmovant as a condition precedent before filing such a petition. The decree also stated, "To the extent permitted by law, the parties stipulate the agreement is enforceable as a contract."

Relator subsequently filed a petition to modify the decree's possession-and-access, child-support, and spousal-maintenance terms without pre-paying $10,000 in attorney's fees. The trial court granted RPI's motion to abate the petition until Relator paid, despite Relator's argument that the parties' contractual agreement in the divorce decree should not preclude his moving forward with his statutory rights under the Family Code.

In a single issue in this original proceeding, Relator complains that the trial court abused its discretion by abating his petition and that he has no adequate remedy by appeal. We requested a response from RPI, who opted not to file one. Accordingly, based on the state of the law and Relator's petition and record, we conditionally grant Relator's petition and order the trial court to reinstate the case.

2

## II. Discussion

Mandamus relief is an extraordinary remedy. *In re Acad., Ltd.*, 625 S.W.3d 19, 25 (Tex. 2021) (orig. proceeding). The party seeking mandamus relief must show both that the trial court clearly abused its discretion and that the party has no adequate remedy by appeal. *In re Allstate Indem. Co.*, 622 S.W.3d 870, 875 (Tex. 2021) (orig. proceeding). A trial court abuses its discretion when a decision is arbitrary, unreasonable, and without reference to guiding principles. *Id.*; *see Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). We review the trial court's legal determinations de novo, *In re Labatt Food Serv., L.P.*, 279 S.W.3d 640, 643 (Tex. 2009) (orig. proceeding), and an error of law or an erroneous application of the law to the facts is always an abuse of discretion. *See In re Geomet Recycling LLC*, 578 S.W.3d 82, 91–92 (Tex. 2019) (orig. proceeding).

Additionally, a trial court abuses its discretion when it arbitrarily abates a civil case for an indefinite period of time. *In re Gore*, 251 S.W.3d 696, 699 (Tex. App.—San Antonio 2007, orig. proceeding); *see In re Shulman*, 544 S.W.3d 861, 867, 870 (Tex. App.—Houston [14th Dist.] 2017, orig. proceeding) ("An abatement order may be reviewed on mandamus when the abatement is indefinite in duration[] or it effectively vitiates a party's ability to present a claim or defense.[]"). And an agreement that violates a valid statute is illegal and void. *In re I.R.H.*, No. 04-12-00366-CV, 2013 WL 1850778, at *2 (Tex. App.—San Antonio May 1, 2023, pet. denied) (mem.

op.) (holding condition precedent void when it attempted to contract around Family Code Section 154.124(c)).

Under Family Code Section 154.124(c), the terms of an agreement pertaining to child support may be enforced by all remedies available for enforcement of a judgment, including contempt, but those terms "are not enforceable as a contract." Tex. Fam. Code Ann. § 154.124(c); *see also id.* § 8.057 (statutory guidelines for modifying spousal maintenance); § 156.101 (statutory guidelines for modifying possession and access); *see generally Fairfield Ins. Co. v. Stephens Martin Paving, LP*, 246 S.W.3d 653, 665 (Tex. 2008) (noting that the legislature determines public policy through the statutes it passes and that it has "passed many laws declaring certain agreements illegal and, therefore, against public policy").

Because the trial court had no authority to abate Relator's motion based on the void portions of the parties' agreement, we sustain Relator's sole issue.

### III. Conclusion

Having sustained Relator's sole issue, we conditionally grant his petition for mandamus relief and order the trial court to reinstate the case.

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Delivered: September 15, 2023

4