

# NUMBER 13-23-00493-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE NEW CENTURY FINANCIAL, INC.

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

**Before Justices Benavides, Longoria, and Tijerina**
**Memorandum Opinion by Justice Benavides[1]**

By petition for writ of mandamus, relator New Century Financial, Inc. contends that

the trial court abused its discretion by abating the underlying suit "despite possessing

dominant jurisdiction" over the first-filed lawsuit in favor of a subsequently filed lawsuit in

Frio County, Texas.

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

Mandamus is an extraordinary and discretionary remedy. *See In re Allstate Indem. Co.*, 622 S.W.3d 870, 883 (Tex. 2021) (orig. proceeding); *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 138 (Tex. 2004) (orig. proceeding). The relator must show that (1) the trial court abused its discretion, and (2) the relator lacks an adequate remedy by appeal. *In re USAA Gen. Indem. Co.*, 624 S.W.3d 782, 787 (Tex. 2021) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135–36; *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding).

The Court, having examined and fully considered the petition for writ of mandamus, the response filed by real parties in interest John D. Lucas III as independent administrator of the estate of John D. Lucas Jr., Tallis Group, LLC, and Greehey & Company, Ltd., the reply filed by relator, and the applicable law, is of the opinion that relator has not met its burden to obtain relief. Relator's petition for writ of mandamus assails the trial court's ruling based on the doctrine of dominant jurisdiction; however, the real parties' motion to abate was not premised on that doctrine, and the record does not indicate that the trial court has issued a ruling regarding dominant jurisdiction. Rather, the real parties sought abatement due to, *inter alia*, the risk of "inconsistent findings" in the underlying proceeding and the Frio County case. Relators do not address this argument, or the other contentions made in the real parties' motion to abate, and do not otherwise discuss the trial court's discretion with regard to abatement. *See, e.g., In re Shulman*, 544 S.W.3d 861, 867 (Tex. App.—Houston [14th Dist.] 2017, orig. proceeding); *In re Gore*, 251 S.W.3d 696, 699 (Tex. App.—San Antonio 2007, orig. proceeding). Accordingly, we

2

deny the petition for writ of mandamus without prejudice.

GINA M. BENAVIDES
Justice

Delivered and filed on the
2nd day of January, 2024.